1   JEREMY J. GRAY (SBN 150075)
      *jgray@zuberlaw.com*
2   MICHAEL D. RESNICK (SBN 245215)
      *mresnick@zuberlaw.com*
3   **ZUBER LAWLER & DEL DUCA LLP**
    777 S. Figueroa Street, 37th Floor
4   Los Angeles, California  90017
    Telephone: (213) 596-5620
5   Facsimile: (213) 596-5621

6   Attorneys for Defendants,
    Hashfast Technologies LLC, Hashfast LLC,
7   Simon Barber, and Eduardo deCastro

8

9                    **UNITED STATES DISTRICT COURT**

10       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  PETE MORICI, an individual,            CASE NO. 5:14-cv-00087-HRL

13              Plaintiff,

14          v.                             **DEFENDANTS' REPLY BRIEF IN
                                           SUPPORT OF DEFENDANTS'
15                                         MOTION TO DISMISS PURSUANT
    HASHFAST TECHNOLOGIES LLC, a           TO FRCP 12(b)(6) AND 9(b)**
16  California limited liability company,
    HASHFAST LLC, a Delaware limited
17  liability company, SIMON BARBER,       **HEARING DATE:**
    an individual, and EDUARDO
18  deCASTRO, an individual,               Date:    August 1, 2014
                                           Time:    9:00 a.m.
19              Defendants.                Place:   Courtroom: 4
                                                    280 South 1ˢᵗ Street
20                                                  San Jose, CA  95113

21

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT ......................................................................... 1

II.   PLAINTIFF HAS FAILED TO PLEAD FRAUD AGAINST THE
      DEFENDANTS ............................................................................................... 2

III.  PLAINTIFF HAS FAILED TO PLEAD CLAIMS FOR BREACH OF
      CONTRACT, VIOLATION OF CALIFORNIA BUSINESS &
      PROFESSIONS CODE SECTION 17200, AND DECLARATORY
      RELIEF AGAINST DECASTRO, BARBER AND HLLC-D ......................... 5

IV.   CONCLUSION ................................................................................................ 7

1975-1005  364451.4

i

1

## TABLE OF AUTHORITIES

2                                                                    <u>Page</u>

3
## CASES
4

*Ashcraft v. Iqbal*
5         129 S.Ct. 1937 (2009) ............................................................... 5

6  *Bell Atlantic Corp. v. Twombly*
          550 U.S. 544 (2007) ............................................................... 5
7
*In re GlenFed, Inc. Sec. Litig.*
8         42 F.3d 1541 ....................................................................... 2, 3

9
## STATUTES
10

11  Fed. R. Civ. P. 9(b) ........................................................... 1, 2, 3, 5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   **PRELIMINARY STATEMENT**

Plaintiff's Complaint consists of precisely the sort of speculative pleading, devoid of any factual support and long on unreasonable inferences, that Federal Rule of Civil Procedure 9(b) was designed to prevent.  Plaintiff has not, and simply cannot, overcome the following fundamental flaws which require dismissal of his second claim for relief for Fraud against defendants HashFast, deCastro, Barber, and HLLC-D:

- Plaintiff has not alleged facts demonstrating that the defendants made knowingly false representations regarding the Baby Jet's delivery date, "in stock" status, and the computing power and efficacy of the "Miner Protection Program" ("MPP");

- Plaintiff has not alleged facts to raise even an inference that the defendants made these alleged statements with the intent to deceive or induce reliance by Plaintiff; and

- Plaintiff has not alleged facts that he justifiably relied on these alleged statements.

Similarly, Plaintiff's Opposition effectively concedes that the first, third, and fourth claims for relief for Breach of Contract, Violation of California Business and Professions Code sections 17200, et seq., and Declaratory Relief, respectively, never once mention Barber or deCastro, but instead, only purport to allege facts against a single entity, HashFast.

Moreover, Plaintiff's Complaint does not, and cannot, allege any facts to suggest, much less establish, that HLLC-D had any legal relationship with the Plaintiff, was the alter-ego of HashFast, or had any involvement in the development, manufacturing, and/or sales of the Baby Jet mining computers.  Plaintiff's purported attempt to "allege" additional facts in his Opposition that do not exist in the Complaint, cannot create viable claims against HLLC-D, deCastro, or Barber.  Accordingly, defendants' Motion should be granted and these claims should be

1

1  dismissed.

## II. PLAINTIFF HAS FAILED TO PLEAD FRAUD AGAINST THE DEFENDANTS

4  Plaintiff concedes that to state a claim for Fraud under California law, he
5  must plead facts demonstrating that the defendants made *knowingly false*
6  representations regarding the Baby Jet's delivery date, its "in stock" status, and the
7  computing power and efficacy of the MPP. (Doc. 20 at 7:16-18, *citing Wilkins v.*
8  *NBC*, 71 Cal.App.4th 1066, 1081 (1999).)  Yet, nowhere in his Opposition does
9  Plaintiff demonstrate where such allegations exist in his Complaint - - because they
10 do not.  Instead, Plaintiff attempts to mislead the Court by incorrectly arguing that
11 "a plaintiff is not required to allege the facts giving rise to an inference of scienter
12 with particularity". (*Id.* at 7:20-22, quoting *In re Glenfed Inc. Securities Litigation*,
13 42 F.3d 1541, 1550 (9th Cir. 1994).)  Plaintiff's Opposition conveniently fails to
14 include the caveat to that rule, that plaintiffs may aver scienter generally, **only when**
15 **a complaint alleges with particularity the circumstances constituting fraud, as**
16 **required by FRCP 9(b)**. *In re Glenfed Inc. Securities Litigation*, 42 F.3d 1541,
17 1546-1547 (9th Cir. 1994) (noting that "then generally it will also have set forth facts
18 from which an inference of scienter could be drawn").  As fully discussed in
19 defendants' moving papers (and is self-evident by even the most cursory review of
20 Plaintiff's Complaint), Plaintiff never alleges - nor pleads facts to suggest - that at
21 the time the defendants made the alleged statements regarding the Baby Jet's
22 delivery date, "in stock" status, and the computing power and efficacy of the MPP,
23 *they knew them to be false*.  Accordingly, Plaintiff's allegations fail to meet the
24 *Glenfed* test and the claim for relief for Fraud against the defendants must fail.

25 Plaintiff also concedes that under Rule 9(b), all claims of fraud must be plead
26 "with particularity".  Fed. R. Civ. P. 9(b).  The Ninth Circuit has identified two
27 aspects of this particularity requirement. *GlenFed, Inc.*, 42 F.3d at 1547-78.  First,
28 Plaintiff's allegations must identify the time, place and content of the alleged

2

1975-1005 / 364451.4

1   misrepresentation so that the defendants can identify the statement. *Id.*   Second,

2   Plaintiff must plead facts explaining why the statements were false when the

3   defendants allegedly made them. *Id.* at 548.  Plaintiff must plead something more

4   than the bare allegation that a statement was false, such as alleging the existence of

5   information which was made by or available to the defendants, or by pointing to

6   later statements made by the defendants along the lines of 'I knew it all along'.

7   *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152-53 (2001) (internal quotations

8   and citation omitted).  Put simply, "the plaintiff is precluded from simply pointing to

9   a defendant's statement, noting that the content of the statement conflicts with the

10  current state of affairs, and then concluding that the statement in question was false

11  when made." *Id.* at 1153.

12      In an effort to avoid the particularity requirement of Rule 9(b), Plaintiff

13  claims that "Rule 9(b)'s pleading requirements are relaxed when it comes to matters

14  'particularly within the opposing party's knowledge'".  (Doc. 20 at 7:22-24, *citing*

15  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).)   However, once again,

16  Plaintiff conveniently omits the *Neubronner* Court's holding that "this exception

17  does not nullify Rule 9(b); a plaintiff who makes allegations on information and

18  belief must state the factual basis for the belief". *Neubronner v. Milken*, 6 F.3d 666,

19  672 (9th Cir. 1993).  Plaintiff's Opposition does not, and cannot, direct this Court to

20  such factual allegations in the Complaint because they do not exist.

21      Plaintiff's Opposition also improperly attempts to relax Rule 9(b)'s

22  heightened pleading requirement by summarily concluding that "[n]umerous cases

23  recognize that a defendant who enters into a contract, or makes a promise, without

24  any intention of performing can be held liable for fraud".  (Doc. 20 at 9:6-8, *citing*

25  *Lazar v. Superior Court*, 12 Cal.4[th] 631, 638 (1996); *Chelini v. Nieri*, 32 Cal.2d 480,

26  487 (1948).)  But Plaintiff's reliance on *Lazar* and its progeny is misguided.

27      In *Lazar*, Andrew Lazar alleged that, in order to induce him to come to work

28  in California, defendant Rykoff intentionally represented to him that he would be

3

1  employed by the company so long as he performed his job and achieved goals, that
2  he would enjoy continued advancement within Rykoff, that he was being groomed
3  to assume the position of the current head of the department in which he would
4  work, that he would receive significant increases in salary, and that Rykoff was very
5  strong financially and anticipated solid growth and a stable, profitable future. *Lazar*
6  *v. Superior Court*, 12 Cal. 4th 631, 636 (1996). Lazar further alleged that at the
7  time these representations were made to him by Rykoff, Rykoff *knew them to be*
8  *false. Id.* In support of this allegation, Lazar alleged that immediately preceding
9  these representations, Rykoff had experienced its worst economic performance in
10 recent history, that Rykoff's financial outlook was pessimistic, that Rykoff was
11 planning an operational merger that would eliminate his position, that Rykoff had no
12 intention of retaining him so long as he performed adequately, that Rykoff secretly
13 intended to treat him as if he were an "at will" employee, and that Rykoff knew the
14 promised compensation increases would not be given as company policy limited
15 annual increases to 2 to 3 percent. *Id. Unlike Plaintiff's Complaint*, Lazar actually
16 alleged facts that supported his contention that at the time Rykoff made these
17 representations, Rykoff *knew them to be false*, and that Lazar *justifiably relied on*
18 *them* in leaving secure New York employment, severing his connections with the
19 New York employment market, uprooting his family, and purchasing a California
20 home. *Id.* At 636-637, 639. Here, Plaintiff's Complaint is completely devoid of any
21 allegations that the defendants knew the alleged misrepresentations were false at the
22 time they were allegedly made.
23         Plaintiff simply alleges no facts sufficient to raise an inference that at the time
24 Plaintiff placed his pre-order, HashFast never intended to - or knew they could not -
25 ship the Baby Jet units by their then advertised delivery dates. In fact, Plaintiff's
26 own allegations demonstrate that HashFast never intended to deceive Plaintiff, and
27 that it was at all times upfront with Plaintiff about the technical difficulties and
28 delays associated with the launch of a new product. Indeed, Plaintiff even alleges

4

1  that HashFast shipped Plaintiff the machines he ordered after first offering him a full
2  refund in USD.  (Doc. 1, ¶¶ 45 & 48.)  The facts as alleged by Plaintiff are simply
3  inconsistent with those of a company that is attempting to commit fraud on its
4  customers.

5       As fully discussed in defendants' moving papers, Plaintiff's mere invocation
6  of the word fraud fails to meet the requirements of Rule 9(b) and is, in fact,
7  contradicted by almost every other allegation in the Complaint which does nothing
8  more than describe a company rushing to deliver products to its customers, and
9  experiencing delays.  For these reasons, Plaintiff's second claim for relief for Fraud
10 against the defendants clearly falls short of meeting the pleading requirements of
11 Rule 9(b), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), *Ashcraft*
12 *v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and their progeny, and it should be dismissed
13 without leave to amend.

14 **III.  PLAINTIFF HAS FAILED TO PLEAD CLAIMS FOR BREACH OF**
15 **CONTRACT, VIOLATION OF CALIFORNIA BUSINESS &**
16 **PROFESSIONS CODE SECTION 17200, AND DECLARATORY**
17 **RELIEF AGAINST DECASTRO, BARBER AND HLLC-D**

18      As fully discussed in defendants' moving papers, Plaintiff's first, third, and
19 fourth claims for relief for Breach of Contract, Violation of California Business &
20 Professions Code sections 17200, et seq., and Declaratory Relief, respectively, never
21 once mention Barber or deCastro.  In fact, for all of these claims, Plaintiff purports
22 to allege facts only as against HashFast.  Rather than point to a single instance
23 where these claims for relief actually mention Barber or deCastro, Plaintiff's
24 Opposition attempts to allege additional facts not present in the Complaint.  For
25 example, Plaintiff's Opposition states that "Morici alleges that both deCastro and
26 Barber were active participants in the Bitcoin Talk forum" (Doc. 20 at 13:22-23),
27 that deCastro and Barber "made extensive marketing statements regarding the
28 availability of the product" (Doc. 20 at 15:1), that deCastro and Barber "exerted

1  control over" these allegedly false representations (Doc. 20 at 15:2-3), that deCastro

2  and Barber were the "'moving force' behind the misleading practices" (Doc. 20 at

3  16:11-12), and that deCastro and Barber "were deeply involved and exerted control

4  over the statements and transaction in question" (Doc. 20 at 17:27, 18:1).  Such

5  "facts" are not alleged in Plaintiff's Complaint, and, in fact, Plaintiff does not cite

6  this Court to the Complaint with respect to any of these "facts".  Furthermore, this

7  Court cannot consider the new facts that Plaintiff presents in his Opposition for the

8  purpose of resolving a motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard*

9  *Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (noting that "a district court

10  may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)

11  motion").

12       Similarly, the Opposition summarily states that "Morici's Complaint

13  adequately alleges claims against both HashFast entities".  (Doc. 20 at 16:20.)  In

14  support of this proposition - ***and without citing to any specific allegations***

15  ***contained in Plaintiff's Complaint*** - Plaintiff's Opposition claims the Complaint

16  adequately pleads facts sufficient to "pierce the corporate veil" of HLLC-D.  (Doc.

17  20 at 17:12-16.)  Yet, Plaintiff admits that "the precise relationship between

18  [HashFast and HLLC-D] is unclear".  (Doc. 20 at 6:8-9.)  Therefore, the Opposition

19  necessarily concedes that Plaintiff has no facts to suggest that HLLC-D had any

20  involvement in the development, manufacturing, and/or sales of the Baby Jet mining

21  computers, or that might indicate the existence of an alter-ego relationship between

22  HashFast and HLLC-D.

23       To establish alter ego, a plaintiff must show that two conditions are met:

24  First, there must be such a unity of interest and ownership between the corporation

25  and its equitable owner that the separate personalities of the corporation and the

26  shareholder (or other corporate entity) do not in reality exist.  Second, there must be

27  an inequitable result if the acts in question are treated as those of the corporation

28  alone.  *See F. Hoffman-La Roche v. Superior Court*, 130 Cal.App.4th 782, 796

1   (2005).  The alter ego doctrine is a "limited doctrine" that will be invoked "only
2   where recognition of the corporate form would work an injustice to a third person".
3   *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4[th] 1269, 1285 (1994).  It is the
4   exception, not the rule.  Indeed, the very purpose of establishing a corporate form is
5   to isolate and limit liability to the corporation, as well as protect its shareholders.

6          Rather, a plaintiff must allege specifically both of the elements of alter ego
7   liability, as well as facts supporting each.  *In re Currency Conversion Fee Antitrust*
8   *Litigation*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003) ("These purely conclusory
9   allegations cannot suffice to state a claim based on veil-piercing or alter-ego
10  liability, even under the liberal notice pleading standard"); *See also Wady v.*
11  *Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D.
12  Cal. 2002).  Here, Plaintiff alleges only that Barber and de Castro are officers of
13  both entities.  No facts are asserted suggesting that the two corporations have the
14  same ownership.  No facts are asserted suggesting that the two entities comingled
15  funds, failed to follow corporate formalities, or entered into transactions between
16  each other that were not at arms-length.  Conclusory allegations of "alter ego" status
17  such as Morici's are insufficient to state a claim.

18         For these reasons, the first, third, and fourth claims for relief against deCastro,
19  Barber, and HLLC-D for Breach of Contract, Violation of California Business and
20  Professions Code sections 17200,et seq., and Declaratory Relief, respectively,
21  should be dismissed.
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1  IV.   **CONCLUSION**

2      For the reasons discussed herein, it is clear that Plaintiff cannot amend his

3  Complaint to plead a viable claim for Fraud against the defendants, or viable claims

4  for Breach of Contract, Violations of California Business & Professions Code

5  sections 17200, et seq., and Declaratory Relief against Barber, deCastro, and HLLC-

6  D. Accordingly, these claims should be dismissed without leave to amend.

7

8  Dated: April 4, 2014            Respectfully submitted:
                                    **ZUBER LAWLER & DEL DUCA LLP**
9                                   JEREMY J. GRAY
10                                  MICHAEL D. RESNICK
11
                                    By:   */s/ Jeremy J. Gray*
12                                  Attorneys for Defendants,
                                    Hashfast Technologies LLC, Hashfast LLC, Simon
13                                  Barber, and Eduardo deCastro
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1975-1005 · 364451-4

REPLY ISO MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6) & 9(b)

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

4

5

On April 4, 2014, I served true copies of the following document(s) described as **DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND 9(b)** on the interested parties in this action as follows:

6

7

8

Venkat Palasubramani
FOCAL PLLC
800 Fifth Avenue
Suite 4100
Seattle, WA 98104
Tel: 206-529-4827
Fax: 206-260-3966
Email: venkat@focallaw.com
Attorneys for Plaintiff PETE MORICI

9

10

11

12

13

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

14

15

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18

Executed on April 4, 2014, at Los Angeles, California.

19

20

21

_/s/Debbie Ellis_
Debbie Ellis

22

23

24

25

26

27

28

1975-1005   364451.4