JEREMY J. GRAY (SBN 150075)
jgray@zuberlaw.com
MICHAEL D. RESNICK (SBN 245215)
mresnick@zuberlaw.com
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendants,
Hashfast Technologies LLC, Hashfast LLC,
Simon Barber, and Eduardo deCastro

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company, HASHFAST LLC, a Delaware limited liability company, SIMON BARBER, an individual, and EDUARDO deCASTRO, an individual,<br><br>Defendants. | CASE NO. 5:14-cv-00087-EJD (HRL)<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIMON BARBER, AND EDUARDO DECASTRO**<br><br>(Civil L.R. 11-5)<br><br>Date:        December 5, 2014<br>Time:        9:00 a.m.<br>Courtroom: 4, 5th Floor<br>                   280 South 1st Street<br>                   San Jose, CA 95113<br><br>*(Filed Concurrently with Declaration of Jeremy J. Gray; and [Proposed] Order)* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2014 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of the above-entitled Court, located at 280 South 1st Street, 5th Floor, San Jose, California 95113, the Honorable Howard R. Lloyd, United States District Court Judge, presiding, Zuber Lawler & Del Duca LLP ("ZLD"), as counsel for defendants Simon Barber and Eduardo deCastro ("Defendants"), hereby moves for an order relieving it as counsel for Defendants.

This motion is made pursuant to Northern District of California Local Rule 11-5 on the grounds that Defendants have failed to make timely payment of ZLD's attorney's fees, and have repeatedly failed to return ZLD's phone calls and e-mails. Moreover, the attorney's fees incurred to date are certain to increase substantially with increased activity as this case proceeds from this early stage of litigation to discovery and preparation for trial. None of the parties to this action will be prejudiced by ZLD's withdrawal at this stage of litigation – which is still in its infancy - as no trial date has been set, and a bankruptcy stay against all parties is currently in effect.

Pursuant to Local Rule 11-5, the Defendants and counsel for plaintiff Pete Morici ("Plaintiff") were given written notice of this motion. Counsel for Plaintiff has stated that Plaintiff will not oppose ZLD's motion.

This motion is based upon all of the pleadings, papers and records in this action, the attached Memorandum of Points and Authorities, the attached Declaration of Jeremy J. Gray, and upon such argument of counsel as may be made at the hearing on this motion.

**SPECIAL NOTICE OF CLIENT'S RESPONSIBILITIES**

**TO SIMON BARBER, EDUARDO DECASTRO, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** if this motion to withdraw as counsel is

granted, Zuber Lawler & Del Duca LLP will no longer represent you. Be advised that in most cases you cannot represent yourself if you are a trustee, a corporation or an unincorporated association such as a limited liability company.

If this motion to withdraw as counsel is granted, you will not have an attorney representing you, and you may wish to seek legal assistance. If you do not have a new attorney to represent you in this action, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case by failing to retain a new attorney or by otherwise failing to comply with any applicable rules or laws.

Furthermore, if this motion to withdraw is granted, the Court needs to know how to contact you. If you do not keep the Court and other parties informed of your current address and telephone number, they will not be able to send you notices of action that may affect you, including actions that may adversely affect your interests or result in your losing this case.

Dated: September 24, 2014            Respectfully submitted:

**ZUBER LAWLER & DEL DUCA LLP**
JEREMY J. GRAY
MICHAEL D. RESNICK


By:   /s/ Jeremy J. Gray
     Attorneys for Defendants,
     Hashfast Technologies LLC, Hashfast
     LLC, Simon Barber, and Eduardo deCastro

## MEMORANDUM OF POINTS AND AUTHORITIES

Local Rule 11-5 of the United States District Court for the Northern District of California states that an attorney may not withdraw as counsel except by leave of Court. Local Rule 11-5. Accordingly, Zuber Lawler & Del Duca LLP ("ZLD") seeks an Order from this Court permitting it to withdraw as the attorney of record for defendants Simon Barber and Eduardo deCastro ("Defendants").

### I. GOOD CAUSE EXISTS TO PERMIT ZUBER LAWLER & DEL DUCA LLP TO WITHDRAW AS COUNSEL

Good cause exists for this motion as the Defendants have failed and refused to pay for attorney's fees and costs pursuant to the fee agreement between the Defendants and ZLD. Declaration of Jeremy J. Gray ("Gray Decl."), ¶3. It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw. *Canadaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238 (E.D.Cal. January 13, 2009); *Fischer v. Biman Bangladesh Airlines*, 1997 U.S. Dist. LEXIS 10405 (D.N.Y. 1997). Additionally, the Defendants have repeatedly failed to return ZLD's phone calls and e-mails. Gray Decl., ¶4. Not only does a breakdown in the relationship between a client and his attorney provides adequate grounds for granting a motion to withdraw as counsel (*People v. Cohen* (1976) 59 Cal. App. 3d 241, 249), but the non-cooperation of a client consisting of failing to return phone calls and letters coupled with the failure of that client to pay its legal fees constitutes good cause for a court order approving the withdrawal request of an attorney. *Statue of Liberty--Ellis Island Foundation, Inc. V. International United Industries, Inc.*, 110 F.R.D. 395, 397 (D.N.Y. 1986).

Once the current bankruptcy stay is lifted, the parties will engage in discovery, and ZLD anticipates further difficulty working with the Defendants. Thus, ZLD's attorney's fees and costs will continue to mount, and the Defendants' payment obligation to ZLD will grow substantially. Given Defendants' failure to make timely payments to ZLD to date, such a situation would be untenable to ZLD.

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reason why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canadaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238 *1, *3-4. Here, ZLD's withdrawal will not prejudice the parties, and will not delay this action, which is still in its infancy. No trial date has been set, and a bankruptcy stay against all parties to this case is currently in effect. Thus, the interests of both plaintiff Pete Morici ("Plaintiff") and the Defendants will not be prejudiced by Defendants being required to procure substitute counsel. Even if the Defendants are not able to procure alternative counsel, the Defendants can remain in this action *pro se*. Given the infancy of litigation in this action, such *pro se* representation will not delay this matter any more than had the Defendants originally represented themselves from the outset.

Accordingly, prosecution of this case will not be delayed if ZLD's motion to withdraw is granted.

## II. ZLD HAS PROVIDED THE REQUIRED NOTICE

Under Local Rule 11-5, counsel may move to withdraw from an action only "after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Local Rule 11-5(a). ZLD has complied with this requirement, and the Defendants and Plaintiff are expressly aware of ZLD's intent to withdraw as counsel in this case.

The only method of communication between the Defendants and ZLD has been by e-mail[1] or telephone. Gray Decl., ¶5. In fact, the Defendants never

---

[1] The e-mail addresses for Messrs. Barber and deCastro are simon@hashfast.com, and eduardo.decastro@gmail.com, respectively.

provided ZLD with their residential addresses. *Id.* Accordingly, by way of e-mails transmitted on August 22, 2014, ZLD provided the Defendants with written notice of its intent to file this motion based on the Defendants' non-payment of ZLD's attorney's fees. Gray Decl., ¶6, Exhs. 1 & 2. Counsel for Simon Barber responded to the notice and spoke by telephone with Jeremy J. Gray, and acknowledged receipt by Mr. Barber of the notice. Gray Decl., ¶7. Mr. Barber never delivered to us a substitution of counsel. *Id.* Mr. deCastro never responded to the August 22, 2014 written notice. Gray Decl., ¶8.

Out of an abundance of caution, ZLD provided the Defendants (and their respective bankruptcy counsel) with further written notice of its intent to file this motion by way of e-mails transmitted on September 19, 2014. Gray Decl., ¶9, Exhs. 3 & 4. Later that day at 3:52 p.m., Mr. Barber replied to ZLD's September 19, 2014 notice only stating that "[i]f this is meant to be directed to myself as a personal matter, please resend to my personal email...[i]f this is regarding Hashfast business, then this email is OK." Gray Decl., ¶10, Exh. 5. Mr. Barber's bankruptcy counsel, Mr. Ori Katz, never responded to ZLD's September 19, 2014 written notice, and Mr. Barber did not respond further. Gray Decl., ¶11. Later that day at 4:12 p.m., Mr. deCastro's bankruptcy counsel, Mr. Craig Stuppi, acknowledged receipt of ZLD's September 19, 2014 written notice, however he stated that he does not intend to represent Mr. deCastro in this action. Gray Decl., ¶12, Exh. 6. Mr. deCastro never responded to ZLD's September 19, 2014 written notice. Gray Decl., ¶13.

On September 16, 2014, and September 19, 2014, ZLD provided counsel for Plaintiff, Mr. Venkat Palasubramani, with written notice of its intent to file this motion. Gray Decl., ¶14, Exh. 7; ¶15, Exh. 8. Mr. Palasubramani has stated that Plaintiff will not oppose ZLD's motion. Gray Decl., ¶16, Exh. 9.

/ / /

/ / /

/ / /

### III.   CONCLUSION

For the reasons stated above, Zuber Lawler & Del Duca LLP respectfully requests that this Court grant its motion to withdraw as counsel for defendants Simon Barber and Eduardo deCastro effective on December 5, 2014.

Dated: September 24, 2014            Respectfully submitted:

**ZUBER LAWLER & DEL DUCA LLP**
JEREMY J. GRAY
MICHAEL D. RESNICK


By:   */s/ Jeremy J. Gray*
      Attorneys for Defendants,
      Hashfast Technologies LLC, Hashfast LLC, Simon Barber, and Eduardo deCastro

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On September 24, 2014, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIMON BARBER, AND EDUARDO DECASTRO** on the interested parties in this action as follows:

| | |
|---|---|
| Venkat Palasubramani<br>FOCAL PLLC<br>800 Fifth Avenue<br>Suite 4100<br>Seattle, WA 98104<br>Tel: 206-529-4827<br>Fax: 206-260-3966<br>E-mail: venkat@focallaw.com<br>Attorneys for Plaintiff PETE MORICI | Defendant Simon Barber<br>simon@hashfast.com<br><br><br><br>Defendant Eduardo deCastro<br>eduardo.decastro@gmail.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 24, 2014, at Los Angeles, California.

_/s/ Debbie Ellis_
Debbie Ellis