**EXHIBIT 2**

## Michael Resnick

| | |
|---|---|
| **From:** | Michael Resnick |
| **Sent:** | Friday, August 22, 2014 1:50 PM |
| **To:** | 'Simon Barber' |
| **Cc:** | Jeremy J. Gray |
| **Subject:** | Morici v. HashFast Technologies, LLC, et al. |
| **Attachments:** | 20140822_Let_Barber_Morici v. HashFast, et al..pdf; 20140822 Request for Approval of Substitution of Counsel G-01 Barber.PDF |

Dear Simon,

Attached, please find our most recent correspondence to you regarding the above-referenced matter.

Best Regards,

Michael Resnick, Esq.
**Zuber Lawler & Del Duca LLP**
777 S. Figueroa St. • 37th Floor • Los Angeles, California 90017
Phone: (213) 596-5620 • Fax: (213) 596-5621
mresnick@zuberlaw.com
www.zuberlaw.com

IRS CIRCULAR 230 DISCLOSURE: Pursuant to compliance with requirements of the Internal Revenue Service, you are hereby informed that, to the extent any advice relating to a Federal tax issue is contained in this communication, or in any other communications from Zuber Lawler & Del Duca LLP not explicitly identified as a "covered opinion," including in any attachments to such communication/s, such advice was not written or intended to be used, and cannot be used, for the purpose of: (a) avoiding any tax related penalties that may be imposed on you or any other person under the Internal Revenue Code, or (b) promoting, marketing or recommending to another person any transaction or matter addressed in this communication. CONFIDENTIALITY NOTICE: The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. Thank you.

# Zuber Lawler & Del Duca

777 S. Figueroa Street · 37th Floor · Los Angeles, CA 90017 USA
Phone: +1 (213) 596-5620 · Fax: +1 (213) 260-8350 · www.zuberlaw.com

Email: jgray@zuberlaw.com

August 22, 2014

*SENT VIA EMAIL (simon@hashfast.com)*

Simon Barber
simon@hashfast.com

> **Re: Pete Morici v. HashFast Technologies LLC, et al., N.D. Cal. Case No. 5:14-cv-00087-EJD**

Dear Simon:

We write to advise you that Pete Morici has filed a motion in the Federal Court Action styled *Pete Morici v. HashFast Technologies LLC, et al.*, N.D. Cal. Case No. 5:14-cv-00087-EJD, in which he asks the Court to lift the stay of the proceedings with respect to his claims against you and Eduardo deCastro. The hearing date for this motion is October 10, 2014, and any opposition is due September 19, 2014. Obviously, your prompt response to this letter is appreciated.

When you and I last spoke a couple of months ago, you indicated your plan to retain individual counsel, largely in connection with the HashFast Bankruptcy proceeding, and especially because of certain allegations by Mr. Morici and others of potential criminality by you and others at HashFast. You will recall that the individual claims alleged against you in the *Morici* lawsuit accuse you of engaging in "fraud", and appear to match the claims Mr. Morici is now making in the Bankruptcy proceeding, and perhaps elsewhere. Prior to the stay of the proceedings, our office filed a motion to dismiss Mr. Morici's claims against HashFast, you, and Mr. deCastro.

In light of the fact that Mr. Morici's claims in the Bankruptcy proceeding appear to mirror those previously alleged in his Federal Court Action, it seems wholly appropriate that your individual counsel should step in and oppose Mr. Morici's motion to lift the stay. In that regard, please provide us with the contact information for your new counsel, so that we can work together to have the attached substitution of attorney executed and filed with the Court.

We note that our firm is owed $35,438.42 in connection with the handling of the *Morici* Federal Court Action, of which we request immediate payment. If you do not have new counsel, or in the event that counsel is unwilling to represent you in the *Morici* lawsuit, please be advised that pursuant to the retainer agreement between you and our firm, we will be moving to withdraw as counsel of record on the basis of non-payment. This communication is not intended as a full invoice, nor does it reflect the full amounts owing with respect to our engagement, including other matters not covered by this communication.

///

# Zuber Lawler & Del Duca

August 22, 2014
Page 2

If you have any questions at all, please do not hesitate to contact me at any time.

Very truly yours,

ZUBER LAWLER & DEL DUCA LLP

Jeremy J. Gray, Esq.

(Attachments: Morici's Motion for Relief & Substitution of Attorney)

Name and address:
Jeremy J. Gray (SBN 150075)
Michael D. Resnick (SBN 245215)
Zuber Lawler & Del Duca LLP
777 South Figueroa Street, 37th Floor
Los Angeles, California 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PETE MORICI, an individual | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | 5:14-cv-00087-HRL |
| v. | |
| HASTFAST TECHNOLOGIES, LLC, et al. | **REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL** |
| DEFENDANT(S) | |

### INSTRUCTIONS

Generally, an attorney may withdraw from representing a party in a case without the Court's permission if another member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member in good standing of the Bar of this Court representing that party. In that circumstance, the withdrawing attorney should complete and file a "Notice of Appearance or Withdrawal of Counsel" (Form G-123), instead of this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01).

Notably, however, Court permission for withdrawal or substitution is required if no member of the withdrawing attorney's firm or agency will remain as counsel of record. In such circumstances, the attorney(s) seeking to withdraw should complete and file this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01), and submit a proposed "Order on Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01 Order).

If the circumstances surrounding an attorney's withdrawal or request to substitute other counsel are not covered by this Form G-01, the attorney may instead file a regularly noticed motion supported by a more detailed memorandum of points and authorities.

### SECTION I - WITHDRAWING ATTORNEY

*Please complete the following information for the attorney seeking to withdraw (provide the information as it <u>currently</u> appears on the docket; if the attorney appeared pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Jeremy J. Gray                                          CA Bar Number: 150075

Firm or agency: Zuber Lawler & Del Duca LLP

Address: 777 South Figueroa Street, 37th Floor, Los Angeles, California 90017

Telephone Number: (213) 596-5620                    Fax Number: (213) 596-5621

E-mail: jgray@zuberlaw.com

Counsel of record for the following party or parties: Defendant Simon Barber

Other members of the same firm or agency also seeking to withdraw: Michael D. Resnick - mresnick@zuberlaw.com

## SECTION II - NEW REPRESENTATION

☐   No new counsel is necessary.  The party or parties represented by the attorney(s) seeking to withdraw will continue to be represented by another attorney/firm who has already entered an appearance as counsel of record for that party or parties in this case, and who is a member in good standing of the Bar of this Court.

☐   The party or parties represented by the attorney(s) seeking to withdraw have not retained new counsel and wish to proceed *pro se*, as self-represented litigants.

☐   The party or parties represented by the attorney(s) seeking to withdraw have retained the following new counsel, who is a member in good standing of the Bar of this Court:

Name: _____  CA Bar Number: _____

Firm or agency: _____

Address: _____

Telephone Number: _____  Fax Number: _____

E-mail: _____

## SECTION III  - SIGNATURES

### *Withdrawing Attorney*
I am currently counsel of record in this case, and am identified above in Section I as the "Withdrawing Attorney."  I have given notice as required by Local Rule 83-2.3.  I hereby request that I and any other attorney(s) listed in Section I be allowed to withdraw from this case.

Date:  August 21, 2014 _____    Signature: _____

Name:   Jeremy J. Gray (SBN 150075) _____

### *New Attorney (if applicable)*
I have been retained to appear as counsel of record in this case, and my name and contact information are given above in Section II.  I am a member in good standing of the Bar of this Court.

Date: _____    Signature: _____

Name: _____

### *Party Represented by Withdrawing Attorney*
I am currently represented by, or am an authorized representative of a party currently represented by, the Withdrawing Attorney listed above.  I consent to the withdrawal of my current counsel, and to (*check if applicable*):

☐ substitution of counsel as specified above.

☐ representing myself *pro se* in this case.

Date: _____    Signature: _____

Name:   Simon Barber _____

Title: _____

## Michael Resnick

| | |
|---|---|
| **From:** | Michael Resnick |
| **Sent:** | Friday, August 22, 2014 1:54 PM |
| **To:** | 'Simon Barber' |
| **Cc:** | Jeremy J. Gray |
| **Subject:** | RE: Morici v. HashFast Technologies, LLC, et al. |

**Attachments:** Morici's Motion for Relief From Stay With Respect to Barber and DeCastro.PDF

And here is Plaintiff Morici's Motion for Relief from Bankruptcy Stay.

Michael Resnick, Esq.
**Zuber Lawler & Del Duca LLP**
777 S. Figueroa St. • 37th Floor • Los Angeles, California 90017
Phone: (213) 596-5620 • Fax: (213) 596-5621
mresnick@zuberlaw.com
www.zuberlaw.com

IRS CIRCULAR 230 DISCLOSURE: Pursuant to compliance with requirements of the Internal Revenue Service, you are hereby informed that, to the extent any advice relating to a Federal tax issue is contained in this communication, or in any other communications from Zuber Lawler & Del Duca LLP not explicitly identified as a "covered opinion," including in any attachments to such communication/s, such advice was not written or intended to be used, and cannot be used, for the purpose of: (a) avoiding any tax related penalties that may be imposed on you or any other person under the Internal Revenue Code, or (b) promoting, marketing or recommending to another person any transaction or matter addressed in this communication. CONFIDENTIALITY NOTICE: The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. Thank you.

---

**From:** Michael Resnick
**Sent:** Friday, August 22, 2014 1:50 PM
**To:** 'Simon Barber'
**Cc:** Jeremy J. Gray
**Subject:** Morici v. HashFast Technologies, LLC, et al.

Dear Simon,

Attached, please find our most recent correspondence to you regarding the above-referenced matter.

Best Regards,

Michael Resnick, Esq.
**Zuber Lawler & Del Duca LLP**
777 S. Figueroa St. • 37th Floor • Los Angeles, California 90017
Phone: (213) 596-5620 • Fax: (213) 596-5621
mresnick@zuberlaw.com
www.zuberlaw.com

9/23/2014

IRS CIRCULAR 230 DISCLOSURE: Pursuant to compliance with requirements of the Internal Revenue Service, you are hereby informed that, to the extent any advice relating to a Federal tax issue is contained in this communication, or in any other communications from Zuber Lawler & Del Duca LLP not explicitly identified as a "covered opinion," including in any attachments to such communication/s, such advice was not written or intended to be used, and cannot be used, for the purpose of: (a) avoiding any tax related penalties that may be imposed on you or any other person under the Internal Revenue Code, or (b) promoting, marketing or recommending to another person any transaction or matter addressed in this communication. CONFIDENTIALITY NOTICE: The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. Thank you.

9/23/2014

1    Venkat Balasubramani (SBN 189192)
**Focal PLLC**
2    800 Fifth Ave, Suite 4100
3    Seattle, WA 98104
Phone: (206) 529-4827
4    Fax: (206) 260-3966
*venkat@focallaw.com*
5    Attorneys for Plaintiff
6    PETE MORICI

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11    PETE MORICI, an individual,         Case No. 5:14-cv-00087-EJD

12                Plaintiff,       **PETE MORICI'S NOTICE OF MOTION,**

13        v.                     **MOTION FOR RELIEF FROM STAY**
**WITH RESPECT TO SIMON BARBER**
14                                     **AND EDUARDO deCASTRO, and**
HASHFAST TECHNOLOGIES LLC, a    **MEMORANDUM OF POINTS AND**
15    California limited liability company,    **AUTHORITIES IN SUPPORT OF**
HASHFAST LLC, a Delaware limited liability    **MOTION**
16    company, SIMON BARBER, an individual,
17    and EDUARDO deCASTRO, an individual,    **HEARING DATE:**

18              Defendants.       Date:       October 10, 2014
19                                Time:       09:00 AM
20                                Courtroom:   4, 5th Floor, San Jose
Before:     Hon. Edward J. Davila
21

22    **TO DEFENDANTS SIMON BARBER AND EDUARDO deCASTRO AND THEIR**

23    **ATTORNEY OF RECORD:**

24        PLEASE TAKE NOTICE that on October 10, 2014, at 9:00 a.m., or as soon thereafter as

25    the matter may be heard in Courtroom 4 of the this Court, located on the 5th Floor of 280 South

26    1st Street, San Jose, California, 95113, the Honorable Edward J. Davila presiding, Plaintiff, Pete

27    Morici, an individual, will and hereby does move this Court for an order granting Plaintiff relief

28    from the Order Staying Case entered by this Court on May 20, 2014 solely with respect the non-

MOTION AND MEMO OF                           Case No. 5:14-cv-00087-EJD
POINTS & AUTHORITIES IN
SUPP. OF MOT. FOR RELIEF
FROM STAY

bankrupt individual Defendants Simon Barber, and Eduardo deCastro, who are not a party to Hashfast LLC and Hashfast Technologies LLC's jointly administered bankruptcy proceeding, with respect to claims for (1) fraud and (2) unfair business practices under Cal. Bus. and Prof. Code §17200, *et seq.*

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all of the records on file in this action, and upon such other and further argument that the Court may permit at the hearing in this matter.

Summary of Argument: Defendants have not shown that "special circumstances" justify a stay against the individual defendants, and as such the individual defendants are not entitled to a stay. The claims against the individual defendants are separate and distinct from the claims against the entity defendants. Additionally. Defendants should have sought a stay in the bankruptcy court in the first instance, and should not be rewarded for their failure to do so. Finally, judicial efficiency does not counsel in favor of a stay.

MOTION AND MEMO OF
POINTS & AUTHORITIES IN
SUPP. OF MOT. FOR RELIEF
FROM STAY

Case No. 5:14-cv-00087-EJD

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I.   INTRODUCTION

This is a lawsuit brought by Plaintiff, Pete Morici ("*Morici*") against two individuals, Simon Barber, Eduardo deCastro (the "*Principal Defendants*") and two legal business entities under the Principal Defendants' control, Hashfast LLC and Hashfast Technologies, LLC (the, "*Hashfast Defendants*" and together with the Principal Defendants, the "*Defendants*") alleging that Defendants had misrepresented the availability, delivery dates, and refund terms of two "Baby Jet" Bitcoin mining computers that Morici ordered from Defendants. The Principal Defendants are the two founders of the Hashfast Defendants and have served as the Chief Executive Officer and Chief Technology Officer, as well as on the Board of Directors of the Hashfast Defendants. An Order Staying Case was entered by this Court on May 20, 2014, following the involuntary bankruptcy filing against Hashfast Technologies, LLC. (Dkt. No. 23.) Morici now requests that this Court issue an order granting Morici relief from the Order Staying Case solely with respect the non-bankrupt individual Defendants Simon Barber, and Eduardo deCastro, who are not a party to Hashfast LLC and Hashfast Technologies LLC's jointly administered bankruptcy proceeding, with respect to claims for (1) fraud and (2) unfair business practices under Cal. Bus. and Prof. Code §17200, *et seq.* This motion seeks relief from the stay as to the Principal Defendants so that their personal liability for fraud and unfair business practices may be adjudicated by this Court.

Through their individual actions and through control of the Hashfast Defendants, the Principal Defendants engaged in a pattern of false and misleading statements regarding the availability, delivery, and refund terms of the Baby Jet computers. These statements were designed to induce consumers to purchase Bitcoin mining computers, at a time when increasing speculation and growth in Bitcoin made these statements of vital importance to Bitcoin "miners," such as Morici. At the time of making these statements, the Principal Defendants must have known such promises were false or knew they had no intention or capability of complying with such promises. For example, records from the Hashfast Defendants' bankruptcy filing as well as the Hashfast Defendants' press releases indicate that, at the time the Principal

1   Defendants were making promises regarding delivery dates in August 2013, they did not yet

2   have a signed agreement for production of the hyped micro-chip for the Baby Jet computer.

3   (Schedule G, p. 3 (Balasubramani Decl., Ex. B).) The agreement was not executed until

4   September 6, 2013. Id. Unlike a typical consumer product, the Principal Defendants knew that

5   timing of delivery was crucial to the Baby Jet's value. As Mr. Barber has stated referring to the

6   value of his chip design, "in this Bitcoin mining space, the value changes rapidly over time,"

7   and in reference to the value of the chip to his customers, Mr. Barber acknowledged that the

8   "the Bitcoin market moves very, very quickly" and that competition in the "Bitcoin mining

9   market" would cause a fast decrease in its value to its customers. (Meeting of Creditors, p. 59,

10  lines 1-3 and p. 60, lines 9-21 (Balasubramani Decl., Ex. A).) Further, the available evidence to-

11  date suggests that the Principal Defendants had no intention of taking any steps to retain Bitcoin

12  balances for refunds as they promised. At a time when requests for refunds were increasing, the

13  Principal Defendants admit that they paid bonuses to employees, including to themselves, in

14  Bitcoin in December of 2013. (Id., p. 21, lines 4-18; p. 31, lines 14-25.) Additionally, Bitcoins

15  were sold to cover the cash flow needs of the Company. (Id. at p. 37, lines 18-19.) In January of

16  2014, the Principal Defendants voted to give themselves substantial raises, even as liabilities

17  mounted. (Id. p. 39, lines 12-25, p. 40, lines 1-25.)

18      These statements alone are sufficient to make a claim for fraud and unfair business

19  practices on the part of the Principal Defendants, independent of the primary claim of breach of

20  contract against the Hashfast Defendants.

21      For the reasons set forth herein, the Court should grant Morici relief from the stay to

22  pursue his claims of fraud and unfair business practices against the Principal Defendants.

23  Additionally, Morici respectfully requests leave of the Court to amend his claims to further

24  identify the specific facts and allegations against the Principal Defendants as independent of the

25  claims against the Hashfast Defendants.

26      **II.   FACTUAL AND PROCEDURAL BACKGROUND**

27      In August of 2013, Morici was misled into purchasing Bitcoin mining equipment,

28  specifically "Baby Jet" computers, from Defendants based on a promises as to two key aspects

MOTION AND MEMO OF POINTS &                    2              Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

of the transaction: (1) the availability and timing of delivery, of which Morici received assurances prior to and following his purchase that were made, on information and belief, by and/or on the behest of the Principal Defendants, and (2) that refunds would be made in Bitcoin, as Mr. Barber personally promised on August 10, 2013 in the Bitcoin Talk forum. (See Complaint ¶ 17, 20, 25; see also Meeting of Creditors, p 104, lines 16-22 (Balasubramani Decl., Ex. A).) Both of these promises were critical to Morici's decision to transfer Bitcoin to the Defendants to purchase "mining" computers, the purpose of which was solely to allow Morici to acquire additional Bitcoins.

After months of delays and failure to make good on promises, Morici cancelled his order and requested a refund. (See Complaint ¶ 43.) As per the terms of the Principal Defendants' promises, Morici simply requested return of the Bitcoin that he had paid, which he was refused. (Id.) Defendants instead attempted to impose an additional condition on him in order to obtain a refund—acceptance and signature of a waiver and release form. (Id. ¶ 47.) Ultimately, despite his cancellation, Defendants belatedly shipped him a product which was non-conforming and in any event which Morici did not accept because he had already revoked his order. (Id. ¶ 48.)

Morici brought claims for breach of contract, fraud, unfair business practices under Cal. Bus. and Prof. Code §17200, et seq., and declaratory relief against Defendants. On March 14, 2014, Defendants filed a Motion to Dismiss with this Court, seeking (1) dismissal of the fraud claim in its entirety and (2) dismissal of the breach of contract, declaratory relief, fraud, and unfair business practices claim against the Principal Defendants and Hashfast LLC. (See Motion to Dismiss, p. 4.) In response, Morici filed an Opposition to the Motion to Dismiss, in which Morici clarified that he is only alleging claims of fraud and unfair business practices against the Principal Defendants. (See Opposition to Motion to Dismiss, p. 3.)

On May 9, 2014, Hashfast Technologies LLC's creditors filed an involuntary petition for bankruptcy and prior to the hearing on the Motion to Dismiss, on May 16, 2014, Defendants provided notice to this Court of the bankruptcy proceeding and suggested a stay under §362 of the Bankruptcy Code would be appropriate as to all Defendants. (Dkt No. 22.) On May 20, 2014, the Court granted an Order Staying Case as to all Defendants and claims.  (Dkt No. 23.)

MOTION AND MEMO OF POINTS & AUTHORITIES IN SUPP. OF MOT. FOR RELIEF FROM STAY

3

Case No. 5:14-cv-00087-EJD

1    Subsequent to the Order Staying Case of this Court, Hashfast, LLC filed a voluntary

2  petition for bankruptcy under Chapter 11 on June 6, 2014. On motion by the Hashfast

3  Defendants, the bankruptcy cases of both Hashfast Defendants are being jointly administered and

4  there is a pending motion to substantively consolidate the estates of both Hashfast Defendants

5  into a single estate, on the basis that the two Hashfast Defendants are so entangled and their

6  creditors have treated the two entities as one enterprise. (Official Committee of Unsecured

7  Creditors' Motion for Substantive Consolidation, pages 7-9 (Balasubramani Decl., Ex. C).)

8    On August 8, 2014, the United States Trustee filed a Motion to Appoint Chapter 11

9  Trustee Under 11 U.S.C. § 1104(A), and in the Alternative to Convert Case to Chapter 7 Under

10  11 U.S.C. § 1112(B), citing "[g]ross mismanagement", "[m]aterial conflicts of interest" and,

11  "[c]ontinued losses or diminution in value with no prospect for reorganization" as reasons for the

12  appointment of a trustee or conversion to a Chapter 7 liquidation. (UST's Motion to Appt.

13  Trustee, p. 2 (Balasubramani Decl., Ex. D).)

14                              **III.    DISCUSSION**

15  **A.    There are no Special Circumstances Justifying an Extension of the Bankruptcy Stay**

16         **to the Non-bankrupt Principal Defendants**

17    Absent "special circumstances," a stay under § 362(a) of the Bankruptcy Code does not

18  apply to non-bankrupt co-defendants. Ingersoll-Rand Financial Corp. v. Miller Mining Co., 817

19  F.2d 1424, 1427 (9th Cir. 1987) (finding where the bankruptcy court had not extended the stay

20  an action against the debtor's guarantor could continue). The Ninth Circuit has recognized the

21  general principle that the purpose of the stay is to protect the assets of the debtor for the benefit

22  of the creditors as a group and to "give [the debtor] room to breathe and, thereby, hopefully to

23  reorganize." Boucher v. Shaw, 572 F.3d 1087, 1092 (9th Cir. 2009). The stay should only be

24  extended to non-bankrupt parties where the action would directly put the property of the

25  bankrupt debtor at risk. See Id. at 1092-93("[T]he automatic stay does not protect the property of

26  parties such as officers of the debtor . . . ."); United States v. Dos Cabezas Corp., 995 F.2d 1486,

27  1491 (9th Cir. 1993) ("[U]nless the assets of the bankrupt estate are at stake, the automatic stay

28  does not extend to actions against parties other than the debtor . . . ."); In re Lockard, 884 F.2d

MOTION AND MEMO OF POINTS &               4          Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

1    1171, 1178 (9th Cir. 1989) (finding that a surety's obligations were independent from claims

2    against the debtor and could proceed); <u>Duval v. Gleason</u>, 1990 U.S. Dist. LEXIS 18398, 19

3    (N.D. Cal. Oct. 19, 1990) (finding that corporate officers' independent liability for fraud was not

4    a "direct action" against the property of the debtor's estate and could continue).

5           While a number of courts have adopted the "unusual circumstances" exception

6    established in <u>A.H. Robins Co. v. Piccinin</u>, which allows extension of the stay to non-bankrupt

7    parties "when there is such identity between the debtor and the third-party defendant that the

8    debtor may be said to be the real party defendant and that a judgment against the third-party

9    defendant will in effect be a judgment or finding against the debtor," 788 F.2d 994, 999 (4th Cir.

10   1986), the Ninth Circuit has <u>not</u> adopted this rule. <u>See Chugach Timber Corp. v. Northern</u>

11   <u>Stevedoring & Handling Corp. (In re Chugach Forest Prods.)</u>, 23 F.3d 241, 247 (9th Cir. 1994)

12   ("In the Ninth Circuit, the vitality of the "unusual circumstances" exception is not clear. We have

13   declined to apply <u>A.H. Robins</u> on two occasions."); <u>United States v. Dos Cabezas Corp.</u>, 995

14   F.2d at 1491 n. 3 (noting that the question had not been raised by the parties); <u>In re Lockard</u>, 884

15   F.2d at 1179 (declining to adopt the "unusual situation exception"); <u>Duval v. Gleason</u>, 1990 U.S.

16   Dist. LEXIS 18398, at *11 (citing <u>In re Lockard</u>, and noting that the Ninth Circuit has not

17   recognized the <u>A.H. Robins</u> exception). Ultimately, where the liabilities of the non-bankrupt

18   party stand independent, and are not derivative of the claims against the bankrupt debtor, courts

19   will not extend the stay to the non-bankrupt parties, as it would unfairly grant non-bankrupt

20   parties the benefit of bankruptcy protection and a reprieve (if only temporary) from their debts.

21   <u>See Chugach Timber</u>, 23 F.3d at 247 ("Where a nondebtor 'has obligations that are

22   'independent' and primary, not derivative of those of the debtor[,] . . . the <u>A.H. Robins</u> exception

23   simply does not apply.'") (citing <u>In re Lockard</u>, 884 F.2d at 179); <u>see also</u> <u>Boucher v. Shaw</u>, 572

24   F.3d at 1093 (finding bankruptcy of company irrelevant in determination of independent liability

25   of its managers for unpaid wages); <u>Duval v. Gleason</u>, 1990 U.S. Dist. LEXIS 18398, at *11

26   (discussing line of cases holding that "where a non-debtor codefendant may be held

27   independently liable of the debtor, then there is no compelling basis by which a court must

28   extend the automatic stay of § 362 to the non-debtor codefendants").

1    The court's opinion in <u>Duval</u> provides a thorough analysis on extension of the stay to co-

2    defendants and is similar to the facts of this case in many respects. In <u>Duval</u>, the plaintiffs

3    alleged that an affiliated group of entities and their officers and directors engaged in fraudulent

4    activities in connection with the sale of securities. <u>Duval</u> at *1. Following the filing by a number

5    of the related entity defendants for Chapter 11 bankruptcy, the non-bankrupt co-defendants

6    moved to have the stay extended to them, on the basis that they would be entitled to

7    indemnification from the bankrupt parties' insurance policy if found liable. <u>Id</u>. at *2-3. While the

8    court suggested that where a non-bankrupt co-defendant was entitled to "absolute

9    indemnification," an extension of the stay may be appropriate, it was not justified where the suit

10   sought "to attach liability for the specific fraudulent acts of named individuals," in which case,

11   an extension of the stay would "create a sizeable loophole through which malfeasant corporate

12   officers . . . could escape, at least temporarily, all civil prosecutions." <u>Id</u>. at *12-13. The court in

13   <u>Duval</u> further noted that the Ninth Circuit and the Northern District of California have "failed to

14   adopt the position that the automatic stay applies as a matter of course to proceedings which may

15   give rise to a potential claim for indemnification under a debtor's insurance policy." <u>Id</u>. at *16;

16   <u>see</u> <u>also</u> <u>In re Daisy Sys. Sec. Litig.</u>, 132 B.R. 752, 755 (N.D. Cal. 1991) (following <u>Duval</u> to

17   find that the proceeds of bankrupt company's insurance policy were not property of the debtor's

18   estate); <u>Integrity Stainless Corp. v. Keystone Surplus Metals</u>, Inc., 2009 U.S. Dist. LEXIS 11008,

19   4 (N.D. Ohio Feb. 13, 2009) (citing to <u>Duval</u> in connection with rejecting claims that a possible

20   requirement that the bankrupt corporate entity indemnify the officers as sufficient basis for

21   extending the stay).

22   In this case, there is no showing of any special or unusual circumstances that would

23   justify extending the stay to the Principal Defendants. Defendants have asserted, without any

24   supporting explanation, that Hashfast, LLC is a "necessary and indispensable party to this

25   action" and there is "such identify between the parties that Hashfast Technologies is the real

26   party defendant." (<u>Notice of Bankruptcy and Suggestion of Stay</u>, p.2.) To the contrary however,

27   similar to the fraud claims in <u>Duval</u>, here, Morici's claims of fraud and unfair business practices

28   against the Principal Defendants rest on their specific individual fraudulent actions, apart from

MOTION AND MEMO OF POINTS &              6              Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

1   and independent of the claims against the Hashfast Defendants. Although, the Defendants have

2   not raised the issue of indemnification or any corporate officer insurance policy, absent a

3   showing that the Principal Defendants are entitled to absolute indemnification, a determination

4   that the Principal Defendants' liability would jeopardize the Hashfast Defendants' estate would

5   be premature. See Duval v. Gleason, 1990 U.S. Dist. LEXIS 18398, at *19 (holding that

6   potential attachment of liability to bankrupt defendants through insurance policy claims did not

7   justify staying the proceedings against the codefendants). Additionally, as Morici's claims are

8   grounded in fraud, any right of the Principal Defendants to indemnification from the Hashfast

9   Defendants upon a final determination of liability may be limited as a matter of law and public

10  policy. See Cal. Corp. Code § 17155 (providing that officers of a limited liability company may

11  not be indemnified for breaches of their fiduciary duties); see also In re MCSi, Inc., Securities

12  Litigation, 371 B.R. 270, 272 (S.D. Ohio 2004) (denying an extension of the stay to two officers

13  in claims for securities fraud, due, in part, to limited indemnity for acts committed in bad faith

14  and the independent liability of officers for securities fraud).

15  **B.     The Bankruptcy Court Must Extend the Stay to Non-Debtors**

16          Regardless of whether sufficient special or unusual circumstances exist to justify an

17  extension of the stay to the Principal Defendants, the power to extend the stay to non-bankrupt

18  parties lies first with the bankruptcy court. See Boucher v. Shaw, 572 F.3d at 1093, n.3 (stating

19  that even if the property of the bankrupt party could be affected by the non-bankrupt parties

20  liability, "the bankruptcy court would first need to extend the automatic stay under its equity

21  jurisdiction"); Chugach Timber, 23 F.3d at 247, n.6 (finding that "[e]ven if we were to adopt the

22  unusual circumstances test, the bankruptcy court would first need to extend the automatic stay

23  under its equity jurisdiction . . . .") (citing Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993));

24  Placido v. Prudential Ins. Co. of Am., 2010 U.S. Dist. LEXIS 12147, 3 (N.D. Cal. Jan. 21, 2010)

25  ("In order to extend the automatic stay to defendants because of their alleged financial

26  connection to the debtor, the extension would have to be issued by the bankruptcy court."); but

27  see Lockyer v. Mirant Corp., 398 F.3d 1098, 1106-07 (9th Cir. 2005) ("[A] district court has

28  jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over

1  which it would otherwise have jurisdiction."). The authority to extend the stay is procedurally an

2  exercise of the bankruptcy court's injunctive authority under § 105(a) of the Bankruptcy Code.

3  See Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.), 502 F.3d

4  1086, 1094 (9th Cir. 2007) (holding that the "usual preliminary injunction standard applies to

5  stays of proceedings against non-debtors under § 105(a)"). As the Ninth Circuit observed in

6  Solidus Networks, application of this usual standard "helps to ensure that stays would not be

7  granted lightly." Id. at 1095.

8         Here, the Defendants improperly requested this Court to extend the stay as to the non-

9  corporate defendants. Within the Ninth Circuit, it is the bankrupt party, the Hashfast Defendants,

10  who are required to request that the bankruptcy court extend the stay. The bankruptcy court in

11  this matter has proper jurisdiction to determine whether extending such stay would be necessary

12  to protect the property of the Hashfast Defendants and facilitate the parties' reorganization. The

13  Principal Defendants should not be rewarded by their failure to seek extension of the stay in the

14  correct manner.

15  **C.    Judicial Efficiency Does Not Justify Extension of the Stay and Severing the Claims**

16          **Against the Principal Defendants will not Prejudice the Bankruptcy Proceeding**

17         While the Ninth Circuit has recognized that district courts have an inherent power to stay

18  proceedings in the interest of efficiency and fairness to the parties, the "balance of the hardships"

19  at stake in this case does not justify such exercise of the Court's authority. See Lockyer v. Mirant

20  Corp., 398 F.3d at 1112 (refusing to extend the stay, in part, upon a finding that the bankruptcy

21  court was unlikely to consider the underlying liability of the defendant in connection with

22  approval of a Chapter 11 reorganization plan). In exercising the inherent authority to control its

23  docket, courts are to weigh "the possible damage which may result from the granting of a stay,

24  the hardship or inequity which a party may suffer in being required to go forward, and the

25  orderly course of justice . . . ." Id. at 1110. Courts within this Circuit have primarily exercised

26  this inherent authority to extend the stay where the claims and facts underlying the claims are

27  identical and would result in duplicative proceedings. See Coinlab Inc. v. Mt. Gox KK, 2014

28  U.S. Dist. LEXIS 60238, 4 (W.D. Wash. April 30, 2014) (finding that granting a stay with

MOTION AND MEMO OF POINTS &              8           Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

1  respect to a non-bankrupt co-defendant was justified when the claims were identical); <u>J & J</u>

2  <u>Sports Prods. v. Brar</u>, 2012 U.S. Dist. LEXIS 143447, 6 (E.D. Cal. Oct. 3, 2012) (finding that a

3  failure to extend the stay could result in relitigation of the same issues); <u>PNC Bank, N.A. v.</u>

4  <u>Smith</u>, 2014 U.S. Dist. LEXIS 46163, 5 (E.D. Cal. Mar. 31, 2014) (same). As the court in

5  <u>Lockyer</u> reasoned, "a stay may be improper where the independent proceeding is "unlikely to

6  decide, or contribute to the decision of, the factual and legal issues" in the action for which the

7  stay is requested." <u>McIalwain v. Green Tree Servicing, LLC</u>, 2014 U.S. Dist. LEXIS 14375, 4

8  (W.D. Wash. Feb. 5, 2014) (citing <u>Lockyer</u>, 398 F.3d at 1113).

9         In contrast to those cases cited above, in which the allegations and facts of claims against

10 the bankrupt and non-bankrupt party were functionally identical, in the present matter, the fraud

11 and unfair business practices claims against the Principal Defendants center around distinct

12 issues of both law and fact related to the Principal Defendant's statements, knowledge, and

13 intent. Although the claims against the Hashfast Defendants may involve many of the same

14 underlying facts of the larger transaction, a finding of liability on the part of one or both of the

15 Principal Defendants is not necessarily an adjudication of liability on the part of the Hashfast

16 Defendants or vice versa. The limited time and resources of this Court would be expediently

17 spent by allowing the parties to proceed with respect to those claims for which the Principal

18 Defendants would be personally and independently liable. Upon a balance of the competing

19 interest of the parties, Morici would suffer greater from an indefinite stay of his fraud claims

20 while a complicated reorganization of the Hashfast Defendants is completed. Additionally, it is

21 worth noting that the complexity of the bankruptcy reorganization is due in part because of the

22 Principal Defendants' entanglement of the two Hashfast Defendants and the transfer of money

23 between the entities for the apparent purposes of avoiding liability.

24        Additionally, similar to the situation in <u>Lockyer</u>, the claims against the Principal

25 Defendants are not well-suited to adjudication within the bankruptcy court and, in fact, may

26 never be reached by the bankruptcy court as fraud related claims are non-dischargeable in the

27 Chapter 11 bankruptcy. <u>See</u> 11 U.S.C. § 523(a)(2)(A) (providing that "money, property, services

28 . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." may

MOTION AND MEMO OF POINTS &              9              Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

1   not be discharged in bankruptcy). If the claims for fraud and related unfair business practices are

2   found to be non-dischargeable, then all such claims will still need to be litigated following the

3   bankruptcy proceeding.

4         Proceeding with the claims related to fraud and unfair business practices against the

5   Principal Defendants will not result in duplicative proceeding or impede the bankruptcy process

6   of the Hashfast Defendants. Rather than hindering that proceeding, the adjudication of the

7   separate claims against the Principal Defendants could assist with the resolution of the claims in

8   the Hashfast Defendants' bankruptcy proceedings and protect the other creditors in the

9   bankruptcy by preserving the Hashfast Defendants' funds. See Chugach Timber, 23 F.3d at 247

10  ("Moreover, the foreclosure might actually have facilitated [the bankrupt party's] reorganization

11  by allowing [plaintiff] to satisfy its claim against [the bankrupt party's] . . . with the assets [of

12  others], thereby preserving funds for other creditors.").

13  **D.**    **The Court Should Grant Morici Leave to Amend His Claims to Clarify the**

14         **Independent Claims Against the Principal Defendants**

15        To the extent this Court finds the claims between the Principal Defendants and Hashfast

16  Defendants to be so closely related as to justify the extension of the stay, Morici respectfully

17  requests leave of the Court to amend his claims to clarify the independent nature of the claims

18  against the Principal Defendants. Through the course of bankruptcy proceedings and through

19  independent investigation, Morici has uncovered numerous facts central to his allegations that

20  the Principal Defendants engaged in fraud and misleading actions. Because leave to amend

21  should be liberally granted, and because the Principal Defendants will not be prejudiced by any

22  amendment, Morici respectfully requests that the Court grant leave.

23  **E.**    **Plaintiff Waives Oral Argument**

24        Plaintiff respectfully suggests that the underlying Motion is suitable for resolution on the

25  papers and requests that the Court dispense with a hearing on the Motion. To the extent

26  necessary, Plaintiff waives any request for oral argument in connection with the Motion.

27                  **IV.**    **CONCLUSION**

28        For the reasons set forth above, Morici  respectfully requests that the Court grant his

MOTION AND MEMO OF POINTS &amp;         10         Case No. 5:14-cv-00087-EJD
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

1   motion and grant Morici relief from the stay with respect to the non-bankrupt Principal

2   Defendants, Simon Barber and Eduardo deCastro, so that the Principal Defendants' personal

3   liability can be adjudicated.

4           Dated: August 15, 2014

5                                   Respectfully submitted,

6                                   Focal PLLC

7

8                                   By: */s/ Venkat Balasubramani*
                                        Venkat Balasubramani

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 15, 2014, I caused the foregoing (1) Pete Morici's Notice of Motion, Motion for Relief from Stay With Respect to Simon Barber and Eduardo deCastro, and Memorandum of Points and Authorities in Support of Motion; (2) Declaration of Venkat Balasubramani; and (3) a Proposed Order, to be filed via the CM/ECF system and served on opposing counsel via electronic notification.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on August 15, 2014 at Seattle, Washington.

*/s/ Venkat Balasubramani*
Venkat Balasubramani

MOTION AND MEMO OF POINTS &
AUTHORITIES IN SUPP. OF MOT. FOR
RELIEF FROM STAY

12

Case No. 5:14-cv-00087-EJD