Venkat Balasubramani (SBN 189192)
**Focal PLLC**
800 Fifth Ave, Suite 4100
Seattle, WA 98104
Phone: (206) 529-4827
Fax: (206) 260-3966
*venkat@focallaw.com*
Attorneys for Plaintiff
PETE MORICI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI, an individual, | Case No. 5:14-cv-00087-EJD |
| Plaintiff, | **PETE MORICI'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY WITH RESPECT TO SIMON BARBER AND EDUARDO deCASTRO** |
| v. | |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, HASHFAST LLC, a Delaware limited liability company, SIMON BARBER, an individual, and EDUARDO deCASTRO, an individual, | **HEARING DATE**: |
| | Date:        October 10, 2014<br>Time:        09:00 AM<br>Courtroom: 4, 5th Floor, San Jose<br>Before:      Hon. Edward J. Davila |
| Defendants. | |

Plaintiff Pete Morici seeks relief from the Court's stay of the action as to the individual defendants (the Principal Defendants) on the basis that these defendants have not shown that "special circumstances" justify extending the stay as to them. The Principal Defendants filed an opposition, but wholly fail to demonstrate (or even address) the existence of "special circumstances" that would warrant extension of the stay to them as non-debtors. Second, the Principal Defendants do not account for their failure to seek extension of the stay in the bankruptcy court as they are clearly required. The Principal Defendants cite, in summary fashion,

1  to judicial efficiency and the existence of alter-ego allegations, but neither warrants a result in
2  their favor.

3  **Alter-Ego Claims**: The Principal Defendants' reliance on alter-ego allegations is
4  misplaced. Alter-ego claims that allege "general injury" to a corporation belong to the
5  corporation (or the creditors in general) and should be brought in bankruptcy. Hamilton v. Am.
6  Corrective Counseling Servs., Case No. 3:05-CV-434-RM, 2009 U.S. Dist. LEXIS 30753, * 12
7  (N.D. Ind. Apr. 8, 2009). However, alter-ego claims that seek to recover as a result of
8  "particularized injury" may not be maintained by the trustee. "Instead, the injured creditor must
9  sue the corporation's alter ego outside of bankruptcy." Id.  As in Hamilton, here, Morici brings
10 claims for "particularized injury" based on misleading statements made to him. Thus, the
11 existence of alter-ego liability does not require a stay as to the Principal Defendants. The
12 Principal Defendants argue vaguely that the entity defendants are "necessary and indispensable
13 part[ies] to this action," but such assertion is wholly unsupported by either factual or legal
14 authority. The claims against the Principal Defendants stand independent of any liability the
15 entity defendants may have.

16 **Judicial Efficiency**: The Principal Defendants also argue that concerns about judicial
17 efficiency warrant a stay, but again their assertion is unsupported by any factual or legal
18 argument to this effect. While the factual basis of the claims against the Principal Defendants
19 may have some overlap with those against the entity defendants, they are not identical, and each
20 involve unique matters of fact and law. Most importantly, however, the Principal Defendants do
21 not provide any support for the proposition that the pending bankruptcy will address issues
22 central to this case or that this case would somehow impede the successful reorganization of the
23 entities. The Principal Defendants also fail to address the balance of hardships from extending
24 the stay which fall entirely on Morici. Indeed, a stay would merely allow the Principal
25 Defendants to unjustly delay their ultimate determination of liability. Lockyer v. Mirant Corp.,
26 398 F.3d 1098, 1112 (9th Cir. 2005).

1   As set forth in his Motion, Morici respectfully requests that the Court lift the stay as to
2   the Principal Defendants and allow him to pursue his claims against those defendants.
3   Additionally, he should be granted leave to amend his complaint to clarify his claims in light of
4   recently developed facts and evidence.
5   Dated: September 26, 2014

Respectfully submitted,

**Focal PLLC**

By: */s/ Venkat Balasubramani*
    Venkat Balasubramani

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 26, 2014, I caused the foregoing Pete Morici's Reply in Support of Request for Relief from Stay With Respect to Simon Barber and Eduardo deCastro to be filed via the CM/ECF system and served on opposing counsel via electronic notification.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on September 26, 2014 at San Francisco, California.

*/s/ Venkat Balasubramani*
Venkat Balasubramani