UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HASHFAST TECHNOLOGIES LLC, et. al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-00087 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM STAY**<br><br>Re: Dkt. No. 24 |

## I.   INTRODUCTION

In August, 2013, Plaintiff Pete Morici ("Plaintiff") placed an order with Defendants Hashfast Technologies LLC and/or Hashfast LLC ("Hashfast") for two "Baby Jet" Bitcoin mining computers for a total cost of $11,507.38, or approximately 110 Bitcoin. Morici paid this amount to Hashfast in Bitcoin and was supposed to receive the Baby Jets in October, 2013. The timing of this delivery was particularly important because, according to Plaintiff, "Bitcoin mining computers lose their value at a rapid rate due to the fact that more powerful computers are needed to effectively 'mine' for Bitcoins as time goes on."

Hashfast did not deliver the Baby Jets to Plaintiff in October, and ultimately informed Plaintiff he would not receive the computers until December, 2013. In response, Plaintiff cancelled the order on November 11, 2013, and requested a full refund in Bitcoin. Plaintiff did not receive either conforming Baby Jets or a refund, in Bitcoin or otherwise, from Hashfast.

CASE NO. 5:14-cv-00087 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM STAY

Plaintiff initiated this action on January 7, 2014, against Hashfast and its officers, Simon Barber and Eduardo deCastro (collectively, the "Individual Defendants") for breach of contract, fraud, violation of California Business and Professions Code § 17200, and declaratory relief. All defendants moved to dismiss the Complaint. Before that motion could be heard, however, the court stayed this action in its entirety due to involuntary bankruptcy proceedings initiated against Hashfast.

Presently before the court is Plaintiff's motion for limited relief from the stay. See Docket Item No. 24. Specifically, Plaintiff seeks an order lifting the stay with respect to two claims against the Individual Defendants. Hashfast and the Individual Defendants have filed a written opposition to the motion. See Docket Item No. 26. According to Plaintiff, federal jurisdiction arises under 28 U.S.C. § 1332. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for October 10, 2014, will therefore be vacated and Plaintiff's motion will be granted for the reasons stated below.

**II. LEGAL STANDARD**

Upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a) imposes an automatic stay on proceedings against the debtor. "The automatic stay is self-executing" and "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor . . . ." Gruntz v. Cnty. of Los Angeles (In re Gruntz), 202 F.3d 1074, 1081-82 (9th Cir. 2000) (en banc). "By halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply 'to be relieved of the financial pressures that drove him into bankruptcy.'" Id. at 1081 (quoting Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters.), 96 F.3d 346, 351 (9th Cir. 1996)).

A bankruptcy stay, however, does not automatically extend to solvent co-defendants. Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984) ("There is nothing in [11 U.S.C. § 362] which purports to extend the stay to causes of action against solvent co-defendants of the debtor."). But it can be extended to account for "unusual circumstances" in cases "where: (1) there is such identity between the debtor and the third-party defendant that the debtor may be

said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor, or (2) extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 n.3 (9th Cir. 1993) (internal quotations and citations omitted).

"If the 'unusual circumstances' exception applies, however, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay, not [the district] court." Zurich Am. Ins. Co. v. Trans Cal Assocs., No. 2:10-01957 WBS KJN, 2011 U.S. Dist. LEXIS 145080, at *6, 2011 WL 6329959 (E.D. Cal. Dec. 16, 2011) (citing cases).

### III.  DISCUSSION

Plaintiff argues that the claims for fraud and violation of Business and Professions Code § 17200 asserted against the Individual Defendants should be exempted from the stay imposed as a result of Hashfast's bankruptcy for two principal reasons.  First, Plaintiff points out that the Individual Defendants are not parties to Hashfast's bankruptcy, that the "unusual circumstances" exception should not be applied, and the bankruptcy court has not extended the stay to cover the Individual Defendants in any event.  Second, Plaintiff argues that judicial efficiency does not justify the present stay covering all defendants, and that exempting claims against the Individual Defendants will not prejudice Hashfast's bankruptcy proceeding.

Plaintiff's first argument is a meritorious one.  It is undisputed that the Individual Defendants are not parties to Hashfast's bankruptcy proceeding, thereby exempting them from the automatic protection afforded by § 362.

In addition, nothing presented for this motion suggests that the bankruptcy court has extended the stay to cover the Individual Defendants based on any "unusual circumstances."  Nor is there any reason for the bankruptcy court to do so. As this court sees it, the fact that the Individual Defendants are alleged to be the alter-egos of Hashfast does not necessarily transform them into the true debtors in bankruptcy.  To the contrary, the Individual Defendants are being sued in this action "for damages sustained as a result of a 'particularized injury' and not for injury to the corporation or creditors of the corporation in general" since Plaintiff alleges that the

Individual Defendants, themselves, made specific misrepresentations concerning the performance and availability of the Baby Jet mining computer and Hashfast's ability to deliver it within a certain timeframe. Hamilton v. Am. Corrective Counseling Servs., No. 3:05-CV-434-RM, 2009 U.S. Dist. LEXIS 30753, at *12, 2009 WL 973447 (N.D. Ind. Apr. 8, 2009). For that reason, the § 17200 and fraud claims are being asserted only against the Individual Defendants because the conduct underlying these claims is attributed to them and not the corporation. Under these circumstances, "the injured creditor must sue the corporation's alter ego outside of bankruptcy." Id. Without evidence of some indemnification arrangement between Hashfast and the Individual Defendants, any liability imposed on the Individual Defendants will have no direct effect on Hashfast's bankruptcy, especially when the claims asserted against Hashfast will remain stayed at this time.

Furthermore, it is worth noting that continuing the stay against the Individual Defendants cannot contribute to Hashfast's rehabilitation. Indeed, a recent filing in the Hashfast bankruptcy – requesting the appointment of a Chapter 11 trustee or conversion of the case to one under Chapter 7 – demonstrates there is little, if any, possibility that Hashfast will emerge from bankruptcy as a viable concern. Rehabilitation seems to be off the table at this point.

Turning to Plaintiff's second argument, the court agrees that the interest of judicial efficiency is not served by continuing the stay on all claims. Again, the claims against the Individual Defendants are unique to them. While there may be some factual overlap between those claims and the ones against Hashfast, the Individual Defendants have not persuasively explained why the claims specific to them cannot proceed on an earlier track in an efficient way. Thus, examining the factors relevant to a stay based on the court's inherent power, they weigh against continuing with an abatement of this entire action. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (holding the district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (listing relevant stay factors).

1    For these reasons, the court will grant Plaintiff's motion to exempt his claims against the
2 Individual Defendants from the bankruptcy stay.

3 **IV.  ORDER**

4    Based on the foregoing, the hearing scheduled for October 10, 2014, is VACATED.
5 Plaintiff's motion for limited relief from the stay (Docket Item No. 24) is GRANTED.  As of the
6 time this order is filed, the claims for fraud and for violation of California Business and
7 Professions Code § 17200 as asserted against the Individual Defendants shall be exempted from
8 the stay imposed on May 20, 2014, due to Hashfast's bankruptcy proceeding.  All other claims
9 shall remain stayed until further order of the court.

10    The Individual Defendants shall file an Answer or otherwise respond to the Complaint on or
11 before **October 27, 2014.**  The court schedules this action for a Case Management Conference at
12 **10:00 a.m. on December 12, 2014.**  The parties shall file a Joint Case Management Conference
13 Statement on or before **December 5, 2014.**  The Clerk shall reopen this file.

14    **IT IS SO ORDERED**.

16 Dated: October 6, 2014



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:14-cv-00087 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM STAY