Venkat Balasubramani (SBN 189192)
FOCAL PLLC
800 Fifth Ave, Suite 4100
Seattle, WA 98104
Phone: (206) 529-4827
Fax:     (206) 260-3966
Email: venkat@focallaw.com
Attorney for Plaintiff
PETE MORICI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI, an individual,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company, HASHFAST LLC, a Delaware limited liability company, SIMON BARBER, an individual, and EDUARDO deCASTRO, an individual,<br><br>　　　　　　　Defendants. | Case No. 5:14-cv-00087-EJD<br><br>**PLAINTIFF PETE MORICI'S OPPOSITION TO DEFENDANT SIMON BARBER'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |

**I.     Introduction**

Defendant Simon Barber ("***Barber***") moves to file under seal Exhibit A of his Request for Judicial Notice In Support of Defendant Simon Barber's Motion to Dismiss First Amended Complaint (RJN), Dkt. 62-1.  The document in question is a Statement of Work ("***SOW***") which outlines the schedule for design and production of the "G1" or "Golden Nonce" chip produced by non-party Uniquify, on behalf of Defendant HashFast Technologies, Inc. ("***HashFast***"). Barber inadequately seeks to seal this document in its entirety (rather than a version in which only sealable material has been redacted) based not upon declarations from the parties to the SOW but rather solely upon the declaration of *his counsel* that the SOW contains sealable material.  His request fails to comply with the applicable rules and should be denied.

PLAINTIFF PETE MORICI'S OPPOSITION TO DEFENDANT SIMON BARBER'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL - 1        Case No. 5:14-cv-00087-EJD

## II. Discussion

A. <u>The Request is Not Narrowly Tailored</u>

Under L.R. 79-5(b) the Court may grant a request for a document to be filed under seal only if the moving party can establish that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. The request must be narrowly tailored to seek sealing only of sealable material. Barber's request is not narrowly tailored. The SOW does contain pricing and design information that might be considered confidential by HashFast or Uniquify. However, it also contains a timeline for production that is not confidential in nature and need not be filed under seal. (*See* Declaration of Venkat Balasubramani, ¶ 2.) Therefore, the request to file the document under seal in its entirety is unnecessarily broad.

B. <u>Neither Party to the Document has Properly Designated It Sealable</u>

While Barber's counsel states in his declaration that the SOW document contains "highly technical information" and is therefore sealable material, neither party to the document has designated it as confidential in its entirety. Neither HashFast, which is currently in bankruptcy, nor Uniquify, have provided the court with a declaration establishing that the designated material is sealable, as is required by L.R. 79-5(d)(1)(A).

**HashFast's alleged interest in confidentiality**: HashFast does not have any interest in maintaining the confidentiality of the underlying documents, and the absence of a declaration from HashFast is evidence of this. Even if HashFast were to assert any such interest, the fact that it is in bankruptcy and facing a torrent of claims from customers due to delayed delivery or non-delivery of the Bitcoin processing machines militates against recognizing any confidentiality interest that it may have in the schedule and details around the production of the Bitcoin miners. *See* Cyrus Farivar, *Bitcoin miner startup slapped with involuntary bankruptcy petition*, Ars Technica, May 12, 2014 (last accessed <http://arstechnica.com/tech-policy/2014/05/bitcoin-miner-startup-slapped-with-involuntary-bankruptcy-petition/>).

**Uniquify's interest in confidentiality**: Uniquify may have a confidentiality interest, but to the extent Barber seeks to rely on Uniquify's interest in confidentiality, he was required under Local

PLAINTIFF PETE MORICI'S OPPOSITION TO DEFENDANT
SIMON BARBER'S ADMINISTRATIVE MOTION TO FILE
DOCUMENT UNDER SEAL - 2

Case No. 5:14-cv-00087-EJD

Rule 79-5(e) to provide Uniquify notice of the proposed sealed filing and serve his declaration on Uniquify, neither of which appear to have taken place here. In fact, Uniquify has agreed to the public filing of a version of the document in which only the pricing and other technical information has been redacted, and Morici submits that the Court should order this version of the document filed in lieu of the version proposed by Mr. Barber.[1] (A copy of the email exchange in which counsel for Uniquify states that making the production schedule timeline in the SOW public is acceptable to Uniquify is attached to the Declaration of Venkat Balasubramani as **Exhibit A**, and a copy of the redacted document has been attached to same as **Exhibit B.)**

In any event, Barber has not provided Plaintiff with a copy of the document which he seeks to file under seal, and consequently, Plaintiff has been unable to review the document to establish whether (a) it is the same Uniquify SOW that Plaintiff acquired through discovery or (b) if it does indeed contain trade secrets or other sealable material. This is a separate and independent reason why Barber's request to seal should be denied.

### III.   Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court deny Barber's request to file the SOW document under seal.

**Dated** this 15 day of April, 2015

              **Focal PLLC**
             By: /s/ Venkat Balasubramani
              Venkat Balasubramani (SBN 189192)
              800 Fifth Ave, Suite 4100
              Seattle, WA 98104
              Phone: (206) 529-4827
              Fax: (206) 260-3966
              Email: venkat@focallaw.com
              *Attorneys for Plaintiff*
              PETE MORICI

---

[1] Morici reserves any evidentiary objections to the documents filed by Mr. Barber, as well as the right to challenge any confidentiality designations in the future.

## CERTIFICATE OF SERVICE

I certify that on April 15, 2015, I caused the foregoing **PLAINTIFF PETE MORICI'S OPPOSITION TO DEFENDANT SIMON BARBER'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** to be filed using the Court's CM/ECF system which will send notification of such filing to all counsel of record. I also caused a copy of the foregoing to be sent to Defendant Eduardo deCastro via US Mail at his last known address.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of April, 2015, at Seattle, Washington.

/s/ Venkat Balasubramani
Venkat Balasubramani