1   CRAIG A. PINEDO (Cal. Bar No. 191337)
    Email:  cpinedo@pinedolaw.com
2   PINEDOLAW
    275 Battery Street, Suite 200
3   San Francisco, CA  94111
    Telephone:    415-693-9155
4   Fax No.:      415-524-7564

5   Attorneys for Defendant SIMON BARBER

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12

13  PETE MORICI, an individual,                Case No.  14-CV-00087-EJD

14              Plaintiff,                     **DEFENDANT SIMON BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** ;
15        v.
                                               Date:       July 30, 2015          **ORDER**
16  HASHFAST TECHNOLOGIES LLC, a              Time:       9:00 a.m.              **THEREON**
    California limited liability company,     Courtroom:  4, 5th Floor
17  HASHFAST LLC, a Delaware limited                       280 South 1st Street
    liability company, SIMON BARBER, an                    San Jose, CA  95113
18  individual, and EDUARDO deCASTRO,
    an individual,
19
                Defendants.
20

21

22

23

24

25

26

27

28

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA  94104
415-693-9155

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC

Pursuant to L.R. 6-3, defendant Simon Barber ("Barber") respectfully seeks to advance the hearing date on his pending motion to dismiss all claims asserted against him in plaintiff's First Amended Complaint (FAC), filed April 10, 2015, and set for hearing on July 30, 2015 (Dkt. 61), to May 21, 2015, or to the first available date thereafter.

Barber's modest request to expedite the resolution of his status in this case is fair and warranted in light of, *inter alia*:  (i) Barber's persistent efforts since the day he was named in this case to have the claims against him dismissed, including moving to dismiss the original Complaint (which this Court granted on February 27, 2015) (Dkt. 58); (ii) the undue stress and anxiety that his status as a defendant has caused him, and (iii) the impairment of Barber's and his family's personal financial credit resulting from his being a party defendant.

As the Court may recall, plaintiff, a Maryland resident, filed this action to obtain a refund of the $11,200 deposit he paid to pre-order two (2) Bitcoin mining machines (also known as "BabyJets") in 2013.  Plaintiff asserts claims for breach of contract and declaratory relief against Hashfast Technologies LLC and Hashfast LLC (collectively, the "Hashfast entities"), to whom he alleges he paid the deposit, and claims for fraud and unfair competition against the Hashfast entities as well as two former officers, individual defendants Eduardo de Castro and Mr. Barber.  On October 27, 2014, the individual defendants (deCastro and Barber) moved to dismiss the Complaint and all claims asserted against them personally on the grounds that plaintiff had failed to plead a plausible fraud theory or specific facts that support holding the individual defendants personally liable.  In response, plaintiff argued that he had alleged sufficient facts against the individual defendants to hold them personally liable.

As noted above, on February 27, 2015, this Court granted the individual defendants' motion to dismiss on the grounds that the Complaint failed to allege specific facts sufficient to support holding them personally liable for fraud or unfair competition, but granted plaintiff leave to amend, with specific direction to plaintiff as to what he would need to allege with specificity in any subsequent amendment to state a claim for relief against Barber.

On March 16, 2015, plaintiff filed his FAC.  Dkt. 59.  On April 10, 2015, Barber filed a motion to dismiss plaintiff's FAC based, in part, on the grounds that plaintiff did not cure any of

2.

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA 94104
415-693-9155

the pleading defects identified by the Court in its Order. Dkt. 61.

Good cause exists for advancing the hearing date on Barber's motion to dismiss the FAC. Barber has been diligent in having the claims against him dismissed as early as possible. Barber Decl. ¶ 2. Barber's status as a party defendant for the past fourteen (14) months is imperiling his credit, as well as his reputation in the community, causing him and his family a great deal of stress and anxiety. *Id*. ¶¶ 3-5.

As stated in the accompanying declaration, Barber and his wife are in the process of trying to refinance the loan on their home, where they live with their 2-year old twin daughters. Their loan broker has told them that so long as Mr. Barber remains a defendant in this case, he will be unable to obtain a loan. Thus, the impairment to their credit is tangible and ongoing as long as Mr. Barber remains a defendant in this case, and puts Mr. Barber and his family at risk of losing their home if he is not able to refinance the loan on his home very soon. *Id*. ¶ 5. As a result, he has had difficulty sleeping and is concerned that this case is unfairly impacting his health and his personal and professional reputation. *Id*.

To counsel's knowledge, the only previous time modifications in this case since his retention in early February, 2015 were an extension of time to file his reply brief in support of his motion to dismiss the Complaint (to February 23, 2015), to respond to plaintiff's discovery (from March 19 to April 8, 2015), and to respond to his FAC (from March 30 to April 10, 2015), the latter two extensions due to counsel's pre-planned and pre-paid family vacation.

This motion to *advance* the hearing on Barber's potentially dispositive motion to dismiss the FAC would not impact the schedule for this case, other than potentially ending it. Just today, plaintiff filed a motion for entry of individual defendant deCastro's default based on the assertion that deCastro, who is unrepresented, failed to timely respond to the FAC, despite that this Court dismissed all claims asserted against deCastro in the original Complaint.

     \*     \*     \*

For the foregoing reasons, Mr. Barber respectfully requests that the Court grant his motion to advance the hearing date on his motion to dismiss the FAC from July 30, 2015, to May 21, 2015, or a date as early as possible on the Court's hearing calendar. In full recognition

3.

of this Court's busy docket and in appreciation of the Court's attention to this matter, Mr. Barber asks only for an opportunity to have his motion heard as soon as possible, in order to obtain finality with respect to his stats as a defendant in this case.

Dated: April 15, 2015                                   PINEDOLAW


                                                        /s/  Craig A. Pinedo
                                                        CRAIG A. PINEDO

                                                        Attorneys for Defendant SIMON BARBER

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA  94104
415-693-9155

**DECLARATION OF CRAIG A. PINEDO**

I, Craig A. Pinedo, state and declare as follows:

1. I am counsel of record for defendant Simon Barber in this case. I have personal and/or record knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. On April 7, 2015, I served Mr. Barber's responses to plaintiff's first set of special interrogatories and first set of requests for production. The interrogatory answers confirmed that Mr. Barber did not supervise John Skroedenis or anyone else with sales and marketing duties. Instead, he was employed as Hashfast Technologies LLC's Chief Technology Officer with research and development duties.

3. Plaintiff Pete Morici filed his First Amended Complaint on March 16, 2015, repleading his fraud and unfair competition claims against Mr. Barber, but failing to allege specific facts to support holding Mr. Barber personally liable for fraud or unfair competition, as had been required by the Court's February 27, 2015 Order.

4. On March 30, 2015, I contacted this Court's calendar clerk, Elizabeth Garcia, informing the Court that Mr. Barber would be filing a motion to dismiss the First Amended Complaint and requesting a hearing date. Ms. Garcia responded that the first available hearing date was July 30, 2015. On April 10, 2015, within fourteen days of reserving the hearing date, Mr. Barber filed his motion to dismiss the First Amended Complaint.

5. On April 14, 2015, I sent an email to Venkat Balasubramani, counsel for plaintiff Pete Morici, requesting that he stipulate to advance the hearing on Mr. Barber's motion to dismiss or, alternatively, agree not to object to that request. As of the filing of this motion to advance the hearing date, I had not heard back from Mr. Balasubramani.

6. As set forth in the accompanying declaration from Mr. Barber, his status as a party to this action—in which plaintiff does not allege the facts necessary to state a claim against Mr. Barber personally—is having, and is likely to continue having a negative impact on him both personally and professionally, and he is respectfully requesting that the Court resolve this issue as early as possible, and certainly before the current July 30, 2015 hearing date.

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA 94104
415-693-9155

5.

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 15, 2015, in San Francisco, California.

                                                /s/  Craig A. Pinedo
                                               CRAIG A. PINEDO

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA  94104
415-693-9155

6.

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC

### DECLARATION OF SIMON BARBER

1. I submit this declaration in support of my motion to advance the hearing date on my pending motion to dismiss plaintiff's First Amended Complaint from July 30, 2015, to May 21, 2015, at 9:00 a.m., or the earliest available date thereafter.

2. It is very important to me to have my status as a defendant in this case resolved as soon as possible, as being a party to a lawsuit falsely accusing me of fraud and unfair competition is having, and is likely to continue having, a negative impact on me both personally and professionally. I do not understand why plaintiff continues to keep me in this case as a party, other than as a legal tactic while his claims against the Hashfast entities are stayed as a result of their filing for bankruptcy, when the Court previously dismissed all the claims against me and the First Amended Complaint has failed to add the specific factual allegations the Court found were necessary to cure the pleading deficiencies identified in its February 27, 2015 Order.

3. As my attorneys have stated from the outset of this case, I did not defraud or intend to defraud plaintiff or anyone else in connection with the BabyJet. I did not supervise John Skroedenis or anyone else with any sales or marketing duties. I am aware that my attorney, in an effort to confirm the absence of my participation or control over any allegedly unlawful activity, responded to discovery served by plaintiff in this case. Those responses show that I was employed at Hashfast as Chief Technology Officer with no supervisory authority over sales and marketing. I have read plaintiff's First Amended Complaint and it does not allege any facts showing that I spoke or communicated with plaintiff or made any statement with the intent to defraud or mislead him or anyone else, nor did I.

4. In addition, this case has had a tangible and negative impact on my credit profile and ability to obtain credit, particularly in the near term. My wife and I are attempting to refinance the loan on our home, where we live with our twin, 2-year old daughters, but our loan broker told us that my status as a defendant in this case will prevent us from refinancing our existing home loan, which is at a much higher interest rate than today's prevailing rates. Based on my current financial condition, I am concerned that I will not be able to make my mortgage payments if I am not able to refinance the loan on my home in the next few months.

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA 94104
415-693-9155

7.

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC

5. The fact that I am exposed to personal liability in a case in which I am being falsely accused of fraud and where plaintiff, after more than fourteen (14) months following the filing of the case, following plaintiff's receipt of discovery from third parties, and following my providing plaintiff with answers to discovery that confirm my lack of personal liability, is causing me and my family a great deal of stress and anxiety. I have had difficulty sleeping and am concerned that this is unfairly impacting my health and personal and professional reputation.

6. I am respectfully asking the Court to set a hearing on my motion to dismiss on May 21, 2015, or to the earliest date thereafter to resolve my status as a party defendant in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 15th, 2015, in San Francisco, California.

_____
Simon Barber

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA 94104
415-693-9155

8.

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC

**[PROPOSED] ORDER**

The Court, having read and considered all of the papers filed on behalf of defendant Simon Barber, and good cause appearing therein, HEREBY ORDERS that defendant Barber's motion to advance the hearing on his pending motion to dismiss plaintiff's First Amended Complaint is GRANTED and that his motion to dismiss plaintiff's First Amended Complaint shall be heard on June 4, 2015 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
EDWARD J. DAVILA
United States District Judge

PINEDOLAW
425 California Street
19th Floor
San Francisco, CA 94104
415-693-9155

9.

BARBER'S MOTION TO ADVANCE HEARING ON MOTION TO DISMISS FAC