1  CRAIG A. PINEDO (Cal. Bar No. 191337)
   Email: cpinedo@pinedolaw.com
2  PINEDOLAW
   275 Battery Street, Suite 200
3  San Francisco, CA  94111
   Telephone:    415-693-9155
4  Fax No.:      415-524-7564

5  Attorneys for Defendant SIMON BARBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI, an individual,<br><br>                     Plaintiff,<br><br>          v.<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company, HASHFAST LLC, a Delaware limited liability company, SIMON BARBER, an individual, and EDUARDO deCASTRO, an individual,<br><br>                     Defendants. | Case No.  14-CV-00087-EJD<br><br>**REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SIMON BARBER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      June 4, 2015<br>Time:      9:00 a.m.<br>Courtroom: 4, 5th Floor<br>           280 South 1st Street<br>           San Jose, CA  95113 |

PINEDOLAW
275 Battery Street
Suite 200
San Francisco, CA  94111
415-693-9155

REPLY BRIEF IN SUPPORT OF BARBER'S REQUEST FOR JUDICIAL NOTICE

Defendant Simon Barber (Barber) respectfully submits this brief reply in support of his request to take judicial notice. Docket Item No. 62.

Although plaintiff has incorporated by reference and relied upon Exhibit A to Mr. Barber's Request for Judicial Notice (the Statement of Work or "SOW"), and does not dispute that courts can consider such documents on a motion to dismiss, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), he objects to this Court taking judicial notice of the SOW for three reasons, none of which has merit:

<u>First</u>, he argues the SOW has not been properly authenticated. This argument is moot, as plaintiff simultaneously offers the declaration of Robert Smith for this very reason. Docket Item No. 80 at 10, n. 4. In any event, out of an abundance of caution in the event the Court strikes Mr. Smith's procedurally improper declaration in its entirety, Mr. Barber offers his own authenticating declaration, filed contemporaneously herewith. Barber Reply Decl. ¶ 3.

<u>Second</u>, plaintiff argues that because Mr. Barber did not produce a copy of the SOW to plaintiff, the SOW should be stricken. Opp. at 9:27-28. Not so. The Court has ordered the SOW sealed. Docket Item No. 84. Under L.R. 79-5(g), all documents filed under seal must be kept from public inspection, including inspection by attorneys and parties to the case, during the pendency of the case. On April 21, 2015, in an email, Mr. Barber's counsel specifically cited this rule to plaintiff's counsel as the reason he could not produce the document and advised that if plaintiff's counsel was aware of any authority that required disclosure of the sealed documents, he should so advise. Plaintiff's counsel never mentioned the issue again—that is, until he raised it in his opposition as a reason for striking the SOW.

<u>Third</u>, plaintiff argues the Court should not take judicial notice of the SOW because it "requires the testimony of Uniquify representatives to interpret." Opp. at 10:3-5. Plaintiff misses the point. Plaintiff incorporated by reference and relied upon the contents of the SOW in an attempt to show *what Mr. Barber knew* and why statements made nearly six weeks later were allegedly "false," despite intervening statements by Mr. Smith himself showing that tapeout was six weeks ahead of schedule. Mr. Barber requested judicial notice of the SOW because for some reason plaintiff was unable or unwilling to attach it to the FAC. That Uniquify now, on

2.

REPLY BRIEF IN SUPPORT BARBER'S REQUEST FOR JUDICIAL NOTICE

1  May 1, 2015, deems it "unlikely" tapeout could have been achieved by August 12, 2013,

2  contradicts its own contemporaneous statements and is ultimately beside the point.

3      The contents of the SOW are undisputed and show a scenario in which tapeout can

4  occur as early as August 12 (which Mr. Smith does not dispute), and Mr. Smith himself

5  projected on July 18, two weeks after the SOW, that tapeout would occur six weeks *before* the

6  September 15, 2013 "deadline for tapeout" contained in the SOW, *i.e.*, in *early* August 2013.

7  These facts are undisputed and contradict the conclusory allegation in the FAC that Mr. Barber

8  knew, on August 8, 2013, that it was "impossible" tapeout could occur before September 15,

9  2015. According to SOW II, dated September 11, 2013, tapeout ultimately occurred August 29,

10 which also shows it was *not* impossible that tapeout could occur before September 15, 2015.

11     The law is clear that, "[a] court may…consider certain materials—documents attached

12 to the complaint, documents incorporated by reference in the complaint, or matters of judicial

13 notice—***without converting the motion to dismiss into a motion for summary judgment***.

14 *Ritchie*, 342 F.3d at 908 (emphasis added). The terms of the SOW are not in dispute. Both

15 parties have authenticated the written SOW. Plaintiff's argument that the Court must convert

16 this motion to a motion for summary judgment if it takes judicial notice of the SOW that *he*

17 specifically incorporated by reference in the FAC, is contrary to Ninth Circuit authority.

18     \*              \*              \*

19     Mr. Barber respectfully requests the Court take judicial notice of both exhibits attached

20 to his request, as plaintiff has no legitimate objection to this Court taking judicial notice of

21 either exhibit. Although plaintiff suggests the authenticity of the terms of sale (Exhibit B) is

22 "questioned," Opp. at 14:24, he does not deny the terms of sale reflected in Exhibit B are the

23 same terms of sale he received and which are incorporated by reference in the FAC.

24 Dated: May 15, 2015                       PINEDOLAW

25

26                                     /s/ Craig A. Pinedo
                                 CRAIG A. PINEDO

27                            Attorneys for Defendant SIMON BARBER

28

PINEDOLAW
275 Battery Street
Suite 200
San Francisco, CA 94111
415-693-9155

3.

REPLY BRIEF IN SUPPORT BARBER'S REQUEST FOR JUDICIAL NOTICE