Venkat Balasubramani (SBN 189192)
FOCAL PLLC
800 Fifth Ave, Suite 4100
Seattle, WA 98104
Phone: (206) 529-4827
Fax:    (206) 260-3966
Email: venkat@focallaw.com
Attorney for Plaintiff
PETE MORICI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETE MORICI, an individual,<br><br>            Plaintiff,<br>   v.<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company, HASHFAST LLC, a Delaware limited liability company, SIMON BARBER, an individual, and EDUARDO deCASTRO, an individual,<br><br>            Defendants. | Case No. 5:14-cv-00087-EJD<br><br>**PLAINTIFF PETE MORICI'S OBJECTION TO REPLY EVIDENCE**<br><br>Date:        June 4, 2015<br>Time:        9:00 AM<br>Courtroom:  4, 5th Floor<br>                   280 South 1st St.<br>                   San Jose, CA 95113 |

PLAINTIFF'S OBJECTION TO REPLY EVIDENCE- 1                                              Case No. 5:14-cv-00087-EJD

## I. INTRODUCTION

Pursuant to L.R. 7-3(d)(1), Plaintiff Pete Morici ("Morici") objects to the new evidence that Simon Barber ("Barber") filed with Barber's reply brief in support of Barber's second Motion to Dismiss. (Dkt. #87.) The Court should strike the Reply Declaration of Simon Barber in Support of Motion to Dismiss ("Reply Declaration", Dkt. #89) because it includes evidence that is outside the scope of a motion to dismiss. The Court should also strike Barber's mislabeled Reply Brief in Support of Request for Judicial Notice ("RJN Reply", Dkt. #88) because Morici did not file a separate opposition brief to which Barber is entitled to reply under the Local Rules. Barber is improperly attempting to lodge two replies in opposition to Morici's single opposition brief. Additionally, the Court should strike the RJN Reply because it relies on and discusses evidence that has not been provided to the Court nor authenticated.

## II. OBJECTIONS

### A. Barber's Reply Declaration

"[T]he Court generally may not look beyond the four corners of the complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice." *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 794 (N.D. Cal. 2011) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001)).

Barber's Reply Declaration attaches an email that was not attached to or referenced in Morici's First Amended Complaint ("FAC", Dkt. #59). The email is not subject to judicial notice — a fact Barber tacitly acknowledges by failing to offer any argument in support of judicial notice. The Court should therefore strike Barber's Reply Declaration because it is outside the scope of a motion to dismiss.

Barber mistakenly claims that Morici "request[ed] … for the Court to consider evidence and convert [Barber's] motion to dismiss to a summary judgment motion." (Reply Declaration at 2:2-4.) Morici's opposition brief said precisely the opposite: "If Barber's Motion is converted to one for summary judgment — *which is premature at this stage of litigation* — then '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.' *See*

Fed.R.Civ.P. 12(d)." (Dkt. #80 at 10 n.4; emphasis added.)

Since this is not a motion for summary judgment, Barber's new evidence—and Barber's myriad disputed allegations surrounding that evidence—should be stricken by the Court because they are inappropriate in the context of a motion to dismiss.

### B. Barber's "Reply Brief" in Support of Request for Judicial Notice

L.R. 7-3 (c) allows a reply to be filed in response to "an opposition." But *Morici did not file a separate opposition brief* that was directed to Barber's Request for Judicial Notice. (Dkt. #62.) Rather, as required by Local Rule 7-3, Morici filed a single opposition brief containing (i) Morici's evidentiary objections to Barber's RJN and (ii) arguments in opposition to Barber's Motion to Dismiss. (See Dkt. #80 at 9-11.) Accordingly, Barber's reply arguments with respect to his RJN should have been contained within his reply brief in support of the Motion to Dismiss. (Dkt. #87.) Barber is attempting to take two bites at the apple (while circumventing the page limitations for the one reply brief he was entitled to file). The Court should strike Barber's improper RJN Reply.

Barber's RJN Reply also cites new evidence without attaching it. The RJN Reply refers to an April 21, 2015 email that claimed Barber could not produce a sealed document (even though the Court did not seal the document until two weeks after Barber refused to produce it, and then only sealed part of it — Dkt. # 84). (See RJN Reply at 2:17-21.) Barber's failure to actually provide the referenced email for the Court's inspection, and to authenticate it, violates Fed. R. Evid. 901.

For all of the foregoing reasons, the Court should strike Barber's RJN Reply.

Dated: May 22, 2015.

    Respectfully submitted,

    FOCAL PLLC

    By: *s/Venkat Balasubramani*
    Venkat Balasubramani, SBN 189192

    Attorneys for Plaintiff
    PETE MORICI