

**Venkat Balasubramani**
venkat@focallaw.com
tel: (206) 718 4250

**SENT VIA EMAIL, FAX, AND PRIORITY U.S. MAIL**

December 3, 2013

HashFast Technologies LLC
97 South Second Street #175
San Jose, CA 95113

649 Mission Street, 5th Floor
San Francisco, CA 90291

*Re:  Unfair and Deceptive Trade Practices & Demand for Refund*

To Whom It May Concern:

We represent Pete Morici with respect to his orders of certain products offered by Hashfast Technologies LLC ("**Hashfast**").  This letter reiterates Mr. Morici's November 11, 2013 demand that Hashfast refund to Mr. Morici 136.40479603 Bitcoins (BTC) that he deposited with Hashfast for two separate orders of its "Baby Jet" product line.

## MR. MORICI'S ORDERS FROM HASHFAST

On August 10, 2013, Mr. Morici visited Hashfast's website at www.hashfast.com (the "**Site**"). Looking for a Bitcoin mining computer, Mr. Morici chose to order the Baby Jet mining computer. In choosing the Baby Jet, Mr. Morici relied in part on Hashfast's representations and warranties on the Site, including Hashfast's claim that it had 503 units "in stock," with shipments starting "October 20-30" (*see* copy attached). As Hashfast is undoubtedly aware, Bitcoin mining machines lose their value at a rapid rate due to the fact that more powerful machines are needed to effectively "mine" for Bitcoins as time goes on.  Cognizant of this, Mr. Morici placed his order with the expectation that his machines would be delivered in October.

Due to the fact that the Site was unavailable to take orders, on August 10th, Jon Skrodenis, Vice President of Hashfast, instructed Mr. Morici to place his order manually (by telephone and email).  In an email to Mr. Morici, Mr. Skrodenis offered "free shipping."  Later that day, Mr. Morici placed an order with Mr. Skrodenis for two (2) Baby Jets: 11,200 USD (107.692308 BTC).  Despite Mr. Skrodenis' promise of free shipping, Hashfast charged Mr. Morici 307.38 USD (2.95557692 BTC) for shipping.  The total transaction cost was 11,507.38 USD.  Mr. Morici confirmed his order via email that day and paid the amount of 110.647885 BTC.[1]

---

[1] Transaction hash: <bd0ba342e539729cc21cc44486246712203ed2fcd7c6a9a527d773e6cb20193c>.

HashFast Technologies LLC – Unfair and Deceptive Trade Practices & Demand for Refund
December 3, 2013
Page 2

Expecting the first shipment in October, and again, based on representations and warranties on the Site, Mr. Morici placed a second order with Hashfast. Specifically, on September 23, 2013, Mr. Morici ordered the Baby Jet Upgrade Kit ($3.75/Ghash) for $3,158.57 (25.75691103 BTC).[2]

**DELAYS AND CANCELLATION**

On October 23, 2013, Hashfast informed Mr. Morici via email that his initial order would be delayed because one of its vendors allegedly had not supplied it certain components necessary to produce the products in question. This came as a surprise to Mr. Morici, since Hashfast represented that 503 units of the machine were "in-stock" when he placed his order, and he reasonably assumed that the Baby Jet products would be delivered by October 30th. Though Hashfast's email to Mr. Morici goes on to admit that "time is money," Hashfast informed Mr. Morici that his shipment would not be delivered by late October, but instead would be delivered in mid-November. Hashfast failed to deliver Mr. Morici's initial order in October as promised, and incredibly, on November 7, 2013, Hashfast sent Mr. Morici yet another note stating that his order would not be shipped until mid-December. None of the email notices sent by Hashfast alluded to any cancellation or refund rights.

Realizing that the machine he ordered would have limited value in light of the new estimated delivery date (which apparently was a moving target), and more troubling, having legitimate concerns that he had been defrauded, at 3:42 PM on November 11, 2013, Mr. Morici informed Hashfast via email that he cancelled his initial order and requested a full refund. As Hashfast has admitted in its marketing material and in email correspondence with Mr. Morici, the value of a Bitcoin mining machine decreases as time goes on. Due to Hashfast's fraudulent and unlawful conduct, Hashfast left Mr. Morici little choice but to seek his deposit back. Hashfast never responded to Mr. Morici's refund request.

**REFUND DEMAND**

<u>On behalf of Mr. Morici, we reiterate Mr. Morici's revocation of his orders, and request for an immediate refund in full of 136.40479603 BTC</u>. While the circumstances, the applicable legal rules, and Mr. Morici's email support revocation of the transaction in question, to the extent there remains any ambiguity, both transactions are cancelled and revoked in full. Hashfast's refusal to provide Mr. Morici with the requested refund constitutes fraud, unjust enrichment, an unfair business practice, and a violation of federal and state law. By way of example, Section 435.2 of Title 16 of the Code of Federal Regulations provides, in part, that a seller of merchandise who accepts a telephone or mail (or internet) order engages in an unfair and deceptive act or practice:

> [w]here a seller [who is] unable to ship merchandise within the applicable time [stated in the solicitation], . . . fail[s] to offer to the buyer, clearly and conspicuously and without prior demand, an option either to consent to a delay in shipping *or to cancel the buyer's order and receive a prompt refund*.

16 CFR 435.2 (emphasis added). Hashfast did not provide Mr. Morici an option to (i) consent to the delayed shipping date or (ii) cancel his order. Instead, Hashfast simply unilaterally imposed new shipping terms and ignored Mr. Morici's demand for a refund. Such actions violate 16 CFR 435.2. Moreover, Hashfast's acts and omissions likely violate Section 1723 of the California Civil Code, which requires merchants to "conspicuously" display any no-refund policies. In the absence of a conspicuous no-refund notice, a merchant "shall be liable to the buyer for the amount of the purchase if the buyer returns, or attempts to return, the purchased goods on or before the 30th day after their purchase." Though Mr. Morici placed his orders on August 10,

---

2 Transaction hash: <a0a33bdcc26b8a0b260ad376e7b51c61dcd17a34fb253263a568b277203bd2f6>.

*HashFast Technologies LLC – Unfair and Deceptive Trade Practices & Demand for Refund*
*December 3, 2013*
*Page 3*

2013 and September 23, 2013, any reasonable factfinder will conclude that Mr. Morici is entitled to a full refund at this time due to his cancellation.

Additionally, Hashfast engaged in a misleading practice by inducing Mr. Morici to purchase its products by making inaccurate representations regarding delivery times and failing to follow the aforementioned laws governing Mr. Morici's cancellation and refund rights.  If Hashfast attempts to impose its onerous "terms of sale" on Mr. Morici in order to side-step its legal obligations, Mr. Morici will assert, among other things, that: (1) Hashfast never presented any contractual terms for Mr. Morici to accept for his first order, as he placed his initial order via the telephone and email correspondence; (2) Hashfast's terms of sale are unconscionable and therefore unenforceable; and (3) the terms of sale are unlawful as a matter of law and equity.

*   *   *   *   *

Mr. Morici would like to avoid needless litigation proceedings. In addition to the above claims, Mr. Morici also has viable claims for damages due to the delayed delivery of his orders. Contract law recognizes these types of damages when the parties to a transaction both know that the product in question will be used for a specific purpose, as was undoubtedly the case here. Although Mr. Morici is entitled to damages, including attorneys' fees, he may be willing to waive such damage claims if Hashfast offers to promptly refund the Bitcoins he deposited. **Accordingly, please confirm by email (venkat@focallaw.com) by no later than 5:00 PM (PST) on December 13, 2013, whether Hashfast will return to Mr. Morici 136.40479603 BTC.**  If we do not hear from you within this time-frame, we will assume that Hashfast is not interested in engaging in a pre-litigation dialogue and will advise Mr. Morici to proceed accordingly.

**The description of facts contained in this letter is not intended to be exhaustive, and we reserve the right to supplement and/or modify the description of applicable facts as further investigation dictates.  This letter has been prepared and sent for the sole purpose of encouraging settlement discussions, and therefore its contents, and any related communications, should be considered confidential and inadmissible as evidence.**

I look forward to discussing and attempting to resolve this matter with you.

Sincerely,

**Focal PLLC**

*/s/ Venkat Balasubramani*
Venkat Balasubramani







HASHFAST TECHNOLOGIES LLC [US] https://www.hashfast.com/HFshop/babyjet/



SHOP   ABOUT US   GENESIS   TEAM   NEWS

# Baby Jet (nominal 400 Ghash/s)

$5,600

### Introducing the Baby Jet

This mining unit contains one HashFast Golden Nonce (GN) 28nm ASIC chip that performs 400 Ghash/s at nominal clock speed and consumes significantly less than 1.0 W/GH. It can be underclocked for greater efficiency and overclocked for greater performance. The chip has on-die thermal controls to allow operation at its absolute maximum performance. This equipment is solely intended for use in commercial environments.

This is a special sale of the first engineering run. This sale will continue until we are sold out of a total of 550 units. Shipments begin October 20-30, in order of purchase.

503 in stock




1

ADD TO CART

